360 So.2d 1316 (1978)
CITY OF TAMPA,[1] Petitioner,
v.
Emilio IPPOLITO, Respondent.
No. 77-1933.
District Court of Appeal of Florida, Second District.
August 2, 1978.
E.J. Salcines, Jr., State's Atty. and Mark A. Ober and Samuel J. Nuccio, Asst. State's Attys., Tampa, for petitioner.
Emilio Ippolito, in pro per.
*1317 PER CURIAM.
This is a petition by the city for writ of certiorari to review an order of the circuit court reversing the denial in county court of respondent's demand for a trial by jury. Respondent was charged in county court with violating a municipal ordinance, an offense punishable under the city code by a fine not exceeding $500 or imprisonment for a term not exceeding six months, or by both. We hold that respondent is not entitled to a trial by jury, grant certiorari, and quash the order of the circuit court.
This case reached the circuit court by an interlocutory appeal from the order of the county court denying respondent's demand for a jury trial. Circuit courts have jurisdiction of appeals from county courts except those appeals which may be taken directly to the supreme court. Section 26.012, Florida Statutes (1977). Belatedly, not having raised the point in the circuit court, the city argues that the circuit court had no jurisdiction to consider the interlocutory appeal because an appeal from county court to circuit court lies from *1318 a final judgment only. We dispose of this argument by observing that the circuit court had jurisdiction to entertain the interlocutory appeal as a petition for writ of certiorari and we will consider that it did so.[2] Article V, Section 5(b), Florida Constitution; Nellen v. State, 226 So.2d 354 (Fla. 1st DCA 1969).
In the circuit court, the city argued that respondent had no right to a jury trial, either under the statutes of the State of Florida, the Florida Constitution, or the Constitution of the United States. The circuit judge stated he was persuaded that the position of the city was correct; however, he expressed concern that another judge of the county court (not the judge who ruled in respondent's case) was granting jury trials to persons charged with violations of municipal ordinances, regardless of whether they were entitled to jury trials. He stated that, if he found this to be the case, he would rule that respondent could not constitutionally be denied a jury trial in this case. Thereupon, the circuit judge directed his clerk to investigate the matter and report back to him whether any county court judge was affording jury trials for all violations of municipal ordinances. The record does not disclose the result of that investigation, but the circuit judge thereafter entered an order reversing the county court, finding that the denial of a jury trial to respondent was in error. The order did not state the basis for that decision.
In his order of reversal, the circuit judge clearly departed from the essential requirements of the law. If his ruling was for the reason expressed in the record, it was based on a point not raised in the county court and was determined by a finding of fact, a function not within the scope of appellate review. If the decision below was based on a holding that there is a right to a jury trial for violation of a municipal ordinance such as that involved in this case, it was incorrect.
Article I, Section 22 of the Florida Constitution secures the right to trial by jury to all persons, but our supreme court has long held that this constitutional guarantee does not apply to violations of municipal ordinances, since trials of such violations were conducted without juries prior to the adoption of our constitution. Boyd v. County of Dade, 123 So.2d 323 (Fla. 1960).
Section 932.61, Florida Statutes (1977), confers a statutory right to a jury trial when the violation of a municipal ordinance is also a violation of a state law. The violation with which respondent was charged does not fall in that category.
The guarantee of trial by jury contained in the sixth amendment to the federal constitution has been held applicable to the states through the fourteenth amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). But the sixth amendment guarantee does not apply to those offenses in the category of "petty offenses," which have been defined by reference to federal law as those punishable by no more than six months in prison and a $500 fine. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). As noted above, the municipal ordinance violation with which respondent was charged is punishable by a fine of $500 or imprisonment up to six months, or by both. This being a petty offense within the definition set forth in Baldwin v. New York, supra, there is no right to a jury trial under the fourteenth amendment to the federal constitution.
We hold that respondent is not entitled to a trial by jury and the county court was correct in so ruling. Cf. State v. LaValley, No. 78-769 (Fla. 2d DCA, July 14, 1978).
One other point has been argued. Respondent filed a motion in the county court to dismiss the charges against him, which was denied. The denial of that motion *1319 was also a subject of respondent's petition to the circuit court. Respondent has argued to us that the circuit court erred in failing to rule on the county court's denial of the motion to dismiss. Since respondent did not file a cross petition for certiorari raising that point for our review, the question is not before us for consideration. Fla. App.R. 4.5(c)(3).
The order of the circuit court is quashed with directions to reinstate the ruling of the county court denying respondent's demand for a jury trial, and for further proceedings.
HOBSON, A.C.J., and SCHEB and DANAHY, JJ., concur.
NOTES
[1] This case arrived here with the style "State of Florida v. Emilio Ippolito." We have corrected the style so that it complies with the rule that all prosecutions of municipal ordinances in county court be styled "City of ____ v. ____." Fla.R.Jud.Adm. 2.110(e).
[2] The granting of a petition for writ of certiorari under such circumstances necessarily implies a finding that the petitioner is without an adequate remedy by appeal from a final judgment of conviction. We doubt such a finding is justified in this case, but consider it an expeditious use of judicial labor to rule on the merits of the point of law involved.