## STATE v. FLORES.
No. 78-0061AC.
Circuit Court, Broward County, Criminal Appeal.

March 14, 1979.

Harry A. Stewart, General Counsel for Broward County, Harry M. Hipler, Assistant General Counsel, Michael Satz, State Attorney, Shaun Donohue, Special Assistant Attorney, and Allan S. Parish, Assistant General Counsel, for the appellant.

David S. Romanik, Hollywood, for the appellee.

JAMES M. REASBECK, Circuit Judge.

This cause came on to be heard on an appeal from the county court in and for Broward County. The defendant, Pedro Flores, was charged by an amended information with providing unauthorized ground transportation services on May 31, 1978, in violation of Article I, Section 2-4, of the Broward County Code of Ordinances, which provides in pertinent part —

> "Sec. 2-4. *Vehicles for hire; unauthorized ground transportation services prohibited at certain airports.*
>
> No person shall engage in the business of ground transportation services by operating vehicles for hire

from Fort Lauderdale-Hollywood International Airport and North Perry Airport unless authorized by a permit, franchise or concession agreement with the board of county commissioners.
(Res. of 9-30-69, §1)"

Defendant—Flores filed a motion to dismiss the amended information, which was granted on September 20, 1978. In its order dismissing the amended information, the trial court stated —

"This cause having been brought before the court by the defense counsel upon a motion to dismiss the information based

a)    Upon a conflict in F.S. §125.69 (1977) and the second sentence of F.S. §775.08 (2) which states that county ordinance violations are not misdemeanors; said conflict thereby preventing the county prosecutor from imposing penalties on county ordinance violations, . . ."

The state appeals from the lower court's dismissal of the amended information and phrases the point on appeal as follows —

*Whether the trial court erred in granting appellee-Flores' motion to dismiss the information by holding that a conflict between Sections 125.69 and 775.08(2), Florida Statutes (1977), prevented the state attorney from prosecuting regarding, and the court from imposing, penalties on or for county ordinance violations.*

and submits two basic arguments on its behalf —

*A. Where two statutes exist on the same subject, a general statute must yield to a specific statute.*

*B. No irreconcilable conflict exists between Sections 775.08(2) and 125.69, Florida Statutes, making the state attorney unable to prosecute regarding, and the court unable to impose penalties on, county ordinance violations.*

It is a general rule that a statute dealing specifically with a subject takes precedence over another statute covering the same subject in general terms. See *Adams v. Culver*, 111 So.2d 665 (Fla. 1959); Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1 DCA 1976); *State v. Young*, 357 So.2d 416 (Fla. 2 DCA 1978). In the case sub judice, Section 125.69, Florida Statutes, takes precedence over Section 775.08(2), Florida Statutes, because Section 125.69 is *specifically* entitled "Penalties" and deals *specifically* with penalties for violations of county ordinances, while Section 775.08 is *generally* entitled "Classes and Definitions of Offenses," and deals *generally* with the definitions of offenses such as "felony," "misdemeanor," "noncriminal violation," "crime." Consequently, a sta-

tute dealing specifically with a subject, as does Section 125.69, controls.

Where possible, a law should be construed together with and in harmony with any other statute relating to the same subject matter rather than construe one law that would leave another statute meaningless or repealed by implication. See *Mann v. Goodyear Tire & Rubber Co.*, 300 2d 666 (Fla. 1974); *State ex rel. Gerstein v. Hialeah Race Course, Inc.*, 245 So.2d 53 (Fla. 1971). Section 775.08(3) took effect on October 1, 1975. See Chapter 75-298, Laws of Florida. In that enactment, the legislature appears to have passed a savings clause, which states —

> "Nothing contained in this code shall repeal or change the penalty for a violation of any municipal or county ordinance."

That part of Section 775.08(3) indicates that violations of municipal or county ordinances remain violations of law regardless of any conflict which may exist among several statutes. Additionally, that savings clause became effective October 1, 1975, which was the last enactment in point of time. In *City of Tampa v. Ippolito*, 360 So.2d 1316 (Fla. 2 DCA 1978), the appellate court was faced with the issue of whether a defendant was entitled to a jury trial on alleged violations of a municipal ordinance. In holding that no right to jury trial exists in such circumstances, the appellate court seemed to impliedly uphold the penalty provisions of municipal and county ordinance violations, see *City of Tampa* at page 1318.

Similarly, in *State v. LaValley*, 362 So.2d 303 (Fla. 2 DCA 1978), the court was faced with whether there existed a right to jury trial even though the maximum sentence for the offense was incarceration for 60 days. In holding that no right to jury trial attached, the court stated at page 304 —

> "A violation of a county ordinance is a misdemeanor the maximum sentence of imprisonment for which is 60 days. Section 125.69, Florida Statutes (1977)."

When Sections 775.082(2) and 125.69 are construed together, the state attorney may still prosecute and the court impose penalties for county ordinance violations, as provided by law. All that Section 775.08(2) does is to provide that violations of a county ordinance, and the penalties provided in Section 125.69, Florida Statutes (1977), shall not be or constitute *misdemeanors*. The resulting change would read as follows —

> "125.69 *Penalties.* — Violations of county ordinances x x x x x x x x x x x shall be prosecuted in the name of the state

in a court having jurisdiction of misdemeanors by the prosecuting attorney thereof, and upon conviction shall be punished by a fine not to exceed $500 or by imprisonment in the county jail not to exceed 60 days or by both such fine and imprisonment."

Therefore, since Article 8, Section 1(j), Florida Constitution, states that, "Persons violating county ordinances shall be prosecuted and punished as provided by law," it is permissible to harmonize conflicting state statutes under principles of statutory construction to mean that violations of county ordinances shall be prosecuted by the state, and upon conviction shall be punished by fine, or imprisonment, or both. Accordingly, this court reverses the county court's order dismissing the amended information with directions to reinstate the charge.