CAMPBELL, Judge.
James H. Smith, Jr., petitions for writ of certiorari to review a circuit court order affirming the county court’s judgment, sentence and denial of his demand for jury trial. We hold that Smith was entitled to a jury trial and, therefore, grant certiorari.
*263 Smith was charged in county court with violation of a municipal traffic ordinance by violating Section 322.34, Florida Statutes (1979). He entered a written not guilty plea, which included a request for a trial by jury. The county court denied Smith’s request for jury trial. On appeal, the circuit court affirmed the county court.
It is clear that there is no constitutional right to a jury trial for violation of a municipal traffic ordinance. State v. Webb, 335 So.2d 826 (Fla.1976). However, pursuant to Section 932.61, Florida Statutes (1979), a person charged with violation of a municipal ordinance for which no jury trial is provided may, when the violation of the ordinance is also a violation of state law, cause the transfer of the violation to the appropriate court in which trial by jury is provided. This court has construed Section 932.61 to confer a statutory right to jury trial when the violation of a municipal ordinance is also a violation of state law. City of Tampa v. Ippolito, 360 So.2d 1316 (Fla. 2d DCA 1978). Applying the Ippolito holding to the instant case, Smith was entitled to a jury trial, because the offense charged constituted a violation of both a municipal ordinance and a state law. See also Powers v. State, 370 So.2d 854 (Fla. 3d DCA 1979).
The city argues that Smith waived his statutory right to jury trial because he did not file a petition for transfer in accordance with Section 932.61(2), Florida Statutes (1979). Addressing this argument, we note that Section 932.61 was enacted in 1970, prior to the abolition of municipal courts. Art. V, § 20(d)(4), Fla.Const. Therefore, on the date of enactment of Section 932.61, violations of municipal ordinances were within the jurisdiction of municipal courts. Jurisdiction over municipal ordinance violations is now in the county court. Art. V, § 20(c)(4), Fla.Const. Because the county court, unlike the former municipal courts, provides trial by jury, we find it unnecessary for a person charged with a violation of a municipal ordinance which is also a violation of a state law to file a petition for transfer to another court in order to effectuate his statutory right to jury trial.
Accordingly, we grant the petition for certiorari and quash the circuit court’s order of affirmance with directions for further proceedings consistent with this opinion.
SCHEB, C. J., and HOBSON, J., concur.