413 So.2d 440 (1982)
SOUTHEAST ALUMINUM SUPPLY CORP., d/b/a Signs of All Kinds, a Corporation, Appellant,
v.
PLASTICS NORTH AMERICAN, INC., a Corporation, Appellee.
No. 81-1393.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Horton, Perse & Ginsberg and Arnold R. Ginsberg, Howard L. Kuker, Miami, for appellant.
Maurer & Maurer and David E. Maurer, Fort Lauderdale, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
The single issue on this appeal is whether or not the trial court abused its discretion in denying Southeast Aluminum Supply Corporation, defendant below, a jury trial which was not requested in the original pleadings. We hold the trial court did not abuse its discretion and affirm.
The operative facts are as follows: Plastics North American, Inc. filed an amended complaint in June, 1980. Southeast Aluminum Supply Corporation, defendant below, filed its answer in June, 1980. Neither the complaint, nor the answer, demanded jury trial. The case was set by order of court for non-jury trial on May 28, 1981. On April 17, 1981, Southeast Aluminum Supply filed a motion to amend its answer, affirmative defenses and counterclaim. No demand for a jury trial was made in that pleading. On April 27, 1981, the court granted defendant's motion to amend and permitted plaintiff ten days to respond to the amended answer, affirmative defenses and counterclaim. On May 7, 1981, plaintiff filed its reply to the affirmative defenses and answer to the counterclaim. On May 12, 1981, fourteen days prior to trial, Southeast Aluminum filed its demand for jury trial pursuant to Fla.R.Civ.P. 1.430(b). At time of trial, the court explained the basis for the denial:
THE COURT: In both the answer and the counterclaim, although the plaintiff, I believe, contested the defendant's right to file an answer and a counterclaim so late, neither the answer nor the counterclaim asked for a jury trial.
The Court looked at the answer and the counterclaim, and said well, this will not delay the trial, even though it is now a year later. This defendant is coming in and attempting to amend its pleadings.
Since neither the answer nor the counterclaim seek a jury trial, I permitted the amendment, with the Court's understanding that it would not delay the trial.
I now find that a couple of days before the case is to go to trial, the defendant has now filed a demand for jury trial.

*441 I therefore ruled yesterday, that I would allow the defendant to have his jury trial on his counterclaim, and that I would consider his counterclaim as an affirmative defense to the complaint, and that we would proceed with the complaint without a jury.
Now you may proceed.
It is undisputed on this record that the granting of the amended answer, new affirmative defenses and counterclaim were within the sound discretion of the trial court. Appellant suggests that reversal is compelled by Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975), however, as we read that case, our Supreme Court concluded that the granting or denying of a demand for jury trial is discretionary and must be decided on a case by case basis. Our basis for review is, accordingly, whether or not the trial judge abused his discretion, and his order comes clothed with its usual presumption of correctness. Where, as here, the trial court exercises its sound discretion in granting leave to file supplementary pleadings with the understanding that the trial date will not be affected thereby, no abuse of discretion is demonstrated in denying the jury demand.
The judgment under review is affirmed.
BASKIN, Judge (dissenting).
I disagree with the majority holding that denial of the jury trial demand, filed within the allowable ten-day period following an amended pleading, was proper.
Florida Rule of Civil Procedure 1.430(a) "preserves to the parties inviolate" the right to trial by jury unless waived. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975) expresses the view of the supreme court that questions concerning the right to a jury trial should be resolved, if possible, in favor of the party seeking the jury trial. The court reiterated the fundamental guarantee of trial by jury afforded by the Constitutions of the United States and of Florida. Reviewing analogous facts, the supreme court found that the filing of amended pleadings raising new issues, along with an apparent lack of prejudice to the opposing party, was sufficient to render denial of a jury trial an abuse of discretion. In my opinion, the Hollywood decision mandates reversal.