421 So.2d 555 (1982)
STATE of Florida, Petitioner,
v.
Karen L. WHIRLEY, Respondent.
No. 82-1540.
District Court of Appeal of Florida, Second District.
September 22, 1982.
Rehearing Denied November 9, 1982.
E.J. Salcines, State Atty., and Claire Cours Jackson, Asst. State Atty., Tampa, for petitioner.
Judge C. Luckey, Jr., Public Defender, and Lawrence H. Samaha, Asst. Public Defender, Tampa, for respondent.
CAMPBELL, Judge.
The State of Florida petitions for a writ of common law certiorari to quash a circuit court order requiring a jury trial for respondent, Karen Whirley, in Hillsborough County Court for violation of a municipal *556 ordinance of the City of Tampa. We have jurisdiction pursuant to rule 9.030(b)(2)(B), Florida Rules of Appellate Procedure, and article V, section 4(b)(3), Florida Constitution (1972).
A Tampa police officer arrested Whirley on December 30, 1980, and charged her with driving under the influence of alcoholic beverages, narcotic drugs, barbiturates, or other stimulants in violation of section 316.193(1), Florida Statutes (1979), and Tampa City Code, section 39-2(b). On February 12, 1981, her attorney filed a motion for jury trial and on February 23, the assistant state attorney dropped the original charge and charged her with driving with an unlawful blood alcohol level in violation of section 316.193(3), Florida Statutes (1979).
The county judge, finding that Whirley was not entitled to a jury trial, denied the motion, found her guilty as charged, and sentenced her to ten days in the Hillsborough County Jail. Whirley appealed and the circuit judge, citing Smith v. City of Lakeland, 392 So.2d 262 (Fla. 2d DCA 1980), in support, reversed the county court and ordered a jury trial.
We understand that Smith v. City of Lakeland has been construed by some to require a jury trial for a violation of a municipal ordinance even though a jury trial would not be required if the same offense was charged as a violation of a state statute. We take this opportunity to clarify our intent in Smith v. City of Lakeland. There is no constitutional right to a jury trial for violation of a municipal ordinance, State v. Webb, 335 So.2d 826 (Fla. 1976), and Smith v. City of Lakeland does not confer a new and broader right to trial by jury. Although the right to trial by jury was an issue before us in Smith, we were chiefly concerned with Judge Green's ruling that Smith had waived his right to trial by jury by failing to file a transfer petition pursuant to section 932.61(2), Florida Statutes (1979). That statute allows a person charged with a municipal or county ordinance violation for which no jury trial is provided to transfer the offense to an appropriate court that could provide a jury trial when the offense also violates state law. In light of the abolition of municipal courts whereby all municipal ordinance violations are tried in county courts, we saw no need to require compliance with this statute to effectuate a right to jury trial, assuming such a right exists in any particular case.
When one is charged with a violation of both a city ordinance and a state statute, one is entitled to a trial by jury only if the penalty imposed removes the offense from the category of petty offenses defined in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970). Because the maximum sentence that could be imposed on Whirley for violating section 316.193(3) does not exceed six months in jail and a $500 fine, she is not entitled to a trial by jury. We therefore grant certiorari and quash the decision of the circuit court, hoping that this will lay to rest any further misconceptions regarding our opinion in Smith v. City of Lakeland.
DANAHY and SCHOONOVER, JJ., concur.