436 So.2d 191 (1983)
Russell G. CAVERLY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2793.
District Court of Appeal of Florida, Second District.
May 13, 1983.
Rehearing Denied August 19, 1983.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Russell Caverly was charged with driving a motor vehicle while under the influence of alcoholic beverages in violation of section 316.193(1)(a), Florida Statutes (1982). As charged, he was entitled to a jury trial under section 316.1934(4), Florida Statutes (1982). Given that he has requested a jury trial, we reverse and remand for proceedings consistent herewith.
REVERSED and REMANDED.
BOARDMAN and SCHEB, JJ., concur.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
On motion for rehearing, the state seeks a clarification of our opinion concerning the procedural posture in which we reviewed the trial court's decision. The state further suggests that in granting appellant Russell G. Caverly a jury trial, our decision conflicts with our holding in State v. Whirley, 421 So.2d 555 (Fla. 2d DCA 1982).
As noted in our opinion, appellant was charged with driving under the influence of alcoholic beverages in violation of section 316.193(1)(a), Florida Statutes (Supp. 1982), and the county court denied his timely request for a jury trial.
As to the procedural posture: Appellant filed a petition in the circuit court seeking to prohibit the county court from trying him without first impanelling a jury to hear *192 the case. The circuit court denied appellant's petition for a writ of prohibition, noting that if he was entitled to any relief it would be by a petition for writ of mandamus.
Caverly appealed. In our opinion, his petition to the circuit court set forth sufficient facts to warrant relief. Thus, the court should have treated the petition as if the correct remedy had been sought for a writ of mandamus. Art. V, § 2(a), Fla. Const.; Fla.R.App.P. 9.030(c)(3) and 9.040(c). Therefore, we treated his appeal as one from the circuit court's denial of Caverly's petition for relief and disposed of the matter on its merits.
As to whether our opinion conflicts with Whirley: First, we point out that Caverly was charged under section 316.193(1)(a), Florida Statutes (Supp. 1982). In State v. Whirley, Whirley was charged with violation of section 316.193(3), Florida Statutes (1979).
In Whirley the defendant was not extended a right to a jury trial by the charging statute, section 316.193(3). We held that defendant did not have a constitutional right to a trial by jury since she was charged with a petit offense as defined in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).
In the case at bench, the defendant Caverly was charged with a violation of section 316.193(1)(a), Florida Statutes (Supp. 1982). Just as in Whirley, Caverly does not have a constitutional right to a jury trial since this charge also constitutes a petit offense. See Baldwin. However, unlike Whirley, the legislature has now provided that any person who is charged under section 316.193(1)(a) with driving a motor vehicle while under the influence of alcoholic beverages or controlled substances to the extent that his normal faculties were impaired, whether in a municipality or not, shall be entitled to a trial by jury according to the Florida Rules of Criminal Procedure. See § 316.1934(4), Fla. Stat. (Supp. 1982).
We recognize the state's concern that now a defendant is entitled to a jury trial on the charge of driving while under the influence of alcoholic beverages, section 316.193(1)(a), but not on the charges of driving with an unlawful blood level, now section 316.193(1)(b), nor driving while intoxicated, section 316.1931, Florida Statutes (Supp. 1982) (formerly section 860.01), although all three offenses carry the same penalties. Obviously, this incongruency merits legislative attention, but we do not think it any basis to deny a defendant a right accorded by the legislature.
We ordered Caverly a jury trial based on section 316.1934(4), Florida Statutes (Supp. 1982). With the clarification, we deny the motion for rehearing.
HOBSON, A.C.J., and BOARDMAN and SCHEB, JJ., concur.