443 So.2d 396 (1984)
Isadore H. MAGRAM and Magram Motor Cars f/k/a Charlie Kolb's Auto City, Ltd., Inc., Petitioners,
v.
Blair A. RAFFEL and Allan R. Knight, Respondents.
No. 83-2548.
District Court of Appeal of Florida, Third District.
January 3, 1984.
Worley & Harnage and Henry Harnage, Miami, for petitioners.
Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane and Shelley H. Leinicke, Miami, for respondents.
Before SCHWARTZ, C.J., and BARKDULL and BASKIN, JJ.
*397 BASKIN, Judge.
In this petition for writ of common law certiorari, petitioners seek review of the trial court's order denying them a jury trial on the liability issues contained in count IV of their complaint. We grant the petition.
In June, 1981, petitioners filed their second amended complaint alleging three counts of legal malpractice against respondents. Petitioners failed to demand a jury trial as to any of these counts within the time required by Florida Rule of Civil Procedure 1.430(b). They did, however, file a subsequent motion requesting leave to amend their second amended complaint to include a demand for jury trial pursuant to Florida Rule of Civil Procedure 1.430(d). In response, the trial court ordered a non-jury trial on the liability issues in the three counts and a jury trial, if required, on the issue of damages. Following some initial discovery, petitioners filed a motion to amend the second amended complaint to add count IV, alleging the respondent-attorneys' breach of escrow agency relationship as to petitioner Magram. Petitioners made a timely demand for a jury trial as to count IV. The trial court granted petitioners' motion to add count IV and deemed it filed on the date of the order. The court ruled that as to count IV, the liability issues would be tried non-jury but damages would be tried by a jury. Although petitioners renewed their demand for jury trial as to all issues in count IV, the trial court again denied petitioners' request. Petition for writ of certiorari ensued.
As a general principle of review, common law certiorari is appropriate in exceptional cases, such as those in which "the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate... ." Kauffman v. King, 89 So.2d 24, 26 (Fla. 1956). This court has held that certiorari is the appropriate remedy to address the present issue involving an interlocutory order denying the right to jury trial. Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
In ordering a non-jury trial for the liability issues in petitioners' amended count IV, the trial court departed from the essential requirements of law. The demand for jury trial was proper and timely under Florida Rule of Civil Procedure 1.430(b), and the issues contained in amended count IV are triable to a jury as a matter of right. See Biadi v. Lawyers Title Insurance Corp., 374 So.2d 30 (Fla. 3d DCA 1979).
Furthermore, although the petitioners have waived their right to a jury trial on the first three counts by failing to make a timely demand under Florida Rule of Civil Procedure 1.430(b), the jury demand was timely on the fourth count. We agree with the court's opinion in Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), that where one is entitled to a jury trial on issues sufficiently similar or related to the issues not triable to a jury, and where a determination by the first factfinder would necessarily bind the later factfinder, such issues may not be tried non-jury by the court because to do so would deprive the litigant of his constitutional right to trial by jury. See also Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970).
Order quashed.