474 So.2d 427 (1985)
QUALITY COFFEE SERVICE, INC., Appellant,
v.
TALLAHASSEE COCA-COLA Bottling Company, Appellee.
No. BG-389.
District Court of Appeal of Florida, First District.
August 28, 1985.
*428 John M. Bringardner of McFarlain, Bobo, Sternstein, Wiley and Cassedy, P.A., Tallahassee, for appellant.
Robert King High, Jr., of Ervin, Varn, Jacobs, Odom and Kitchen, Tallahassee, for appellee.
MILLS, Judge.
Quality Coffee Service, Inc. (QC) seeks review by certiorari of an interlocutory order denying jury trial on the issues presented by its counterclaim. We agree that the order is erroneous and quash it.
The suit below commenced when Tallahassee Coca-Cola Bottling Company (Coke) sued QC for breach of contract to buy a division of Coke's business. QC answered the complaint and counterclaimed for breach of contract and of express warranty. Coke thereafter amended its complaint twice, with QC's consent. QC answered both amended complaints. In none of the three responsive pleadings did QC demand a jury trial.
On the day of a hearing which was scheduled to address Coke's motion for summary judgment, Coke filed a notice for trial by nonjury and requested the court to set pretrial conference and trial dates at the hearing; the summary judgment motion was abandoned. Following this notice, on the same date, QC filed a motion for leave to amend its counterclaim along with an amended counterclaim adding counts alleging fraud and civil theft. The amended counterclaim also included a demand for jury trial. The motion for leave to amend was not ruled on at the hearing; the parties agreed to a tentative trial date pending the court's later ruling on the motion. By order of 26 April 1985, the court granted QC's motion for leave to amend but denied its request for jury trial, without explanation. It is this order of which QC seeks review by this petition.
First, we reject Coke's contention that certiorari is an inappropriate remedy for interlocutory orders which erroneously deny jury trial. Coke relies on Lindsey v. Sherman, 402 So.2d 1349 (Fla. 4th DCA 1981), for this contention, but we decline to follow that decision because it is against the weight of authority on this issue. This court has clearly held that certiorari is the appropriate remedy for review of such orders, Freedman v. Rosin, 394 So.2d 241 (Fla. 1st DCA 1981), and other courts have *429 agreed. See Powell v. Southern Bell Telephone and Telegraph Co., 448 So.2d 72 (Fla. 3d DCA 1984); Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970).
Coke also contends that the trial court did not depart from the essential requirements of the law in that QC waived its right to a jury trial by failing to make its demand in compliance with Fla.R.Civ.P. 1.430(b). That rule requires that a demand for jury trial be made "not later than ten days after the service of the last pleading" directed to the issue on which jury trial is desired. Coke points out that in none of its responsive pleadings did QC make such a demand.
While Coke's argument is correct so far as it goes, it fails to take into account the principle that when a circuit court grants leave to amend a counterclaim, which amendment injects new issues, the time for demand of jury trial is revived, despite an initial waiver. Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975). Here, QC's amendment added counts in fraud and civil theft, which we hold sufficient to revive the time for demand of jury trial. The question remains, however, as to whether these issues are "triable of right by a jury." Fla.R.Civ.P. 1.430(b). In Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982), the court held that a counterclaim for fraud presents legal claims for which the claimant is entitled to a jury trial.
Therefore, because QC's amended counterclaim injected new issues, reviving the time for demand for jury trial, which demand was properly endorsed on the amended pleading, and the new issues are triable of right by a jury, we hold that the trial court erred in denying jury trial on the issues raised by amendment.
It must be determined, however, whether this conclusion requires that a jury trial be granted on the elements of the original counterclaim, breach of contract and warranty, as to which QC waived its rights by failing to make a timely demand. In Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971), a legal counterclaim was made in response to an equitable complaint. The court held that, if a legal counterclaim was not common to any issue in the equitable complaint, the complaint should be tried nonjury with provisions for jury trial on the legal counterclaim. If, however, the legal counterclaim contained issues similar or related to equitable issues, such that facts found in the equitable proceeding would bind the legal factfinder, a nonjury trial could not be had as it would deprive the legal counterclaimant of his right to trial by jury. Adams at 684.
Magram v. Raffel, supra, involved the elements of a single complaint. As here, the party had waived jury trial on the first counts of its complaint by failing to make a timely demand. A fourth count was added by amendment and demand for jury trial was timely made with regard thereto; the trial court denied it. The appellate court reversed, finding that the party was entitled to trial by jury on the amended count. It relied on Adams to hold that the issues as to which jury trial had been waived could not be tried nonjury because they were similar or related to the issue as to which a right to jury trial existed, and a determination as to them would bind the factfinder on the amended issue, improperly depriving the party of his right to jury trial. Magram at 397.
We find that such a situation exists herein. While the initial counts of breach of contract and warranty present different legal issues than those alleging fraud and civil theft, the record demonstrates that many factual elements are common to both. Therefore, QC is entitled to jury trial on all issues presented by its counterclaim. The order denying jury trial is quashed and the cause remanded for further proceedings consistent with this opinion.
BOOTH, C.J., and JOANOS, J., concur.