PER CURIAM.
This is an original petition for a writ of certiorari seeking review of a trial court order striking the plaintiff/petitioner Henderson Shuffler’s demand for a jury trial filed below. We have jurisdiction to entertain this petition if the trial court’s order constitutes a departure from essential requirements of law. Valiante v. Allstate Insurance Co., 462 So.2d 590 (Fla. 2d DCA 1985); Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984); Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982); Art. V, § 4(b)(3), Fla. Const.
We conclude that the petition for certiorari should be granted and the order under review quashed, upon a holding that it was a departure from the essential requirements of law to strike the demand for jury trial herein. Although the plaintiff Shuffler waived his right to a jury trial in the county court action he filed below when he failed to file a timely demand for same under Fla.R.Civ.P. 1.430(b), the cause became a new action when the complaint was amended, with leave of court, to allege damages in excess of the jurisdictional limit of the county court, see § 34.01(l)(c)2, Fla. Stat. (1983), and the action was transferred to the circuit court. At that point, the plaintiff Shuffler properly filed a timely demand for a jury trial along with his amended complaint pursuant to Fla.R. Civ.P. 1.430(b) in the new circuit court action. In our view, the trial court erred in thereafter striking this timely demand. See Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla.1975).
The petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court with directions to reinstate the subject demand for a jury trial.
It is so ordered.