497 So.2d 267 (1986)
Augustine J. CHENERY, Mary H. Chenery, Jane Hunt Alander, Elizabeth R. Koss, Eleanor F. Crowell, and William Pillsbury, Appellants,
v.
Robert R. CRANS, Appellee.
No. 85-1946.
District Court of Appeal of Florida, Second District.
September 12, 1986.
Mark B. Schorr of Becker, Poliakoff & Streitfeld, Fort Lauderdale, for appellants.
George Vega, Jr., of Vega, Brown, Nichols, Stanley & Martin, Naples, for appellee.
*268 SANDERLIN, Judge.
Appellants, certain unit owners in Naples Bay Club Condominium, appeal a final judgment which denied all of their claims against appellee Crans, the developer. They also challenge a post trial order which awarded Crans attorney's fees and costs. For the reasons stated below, we reverse both the judgment and the order, and remand for further proceedings consistent with this opinion.
Appellants filed a complaint against Crans, Count I of which sought the imposition of a constructive trust on lands retained by Crans
for the benefit of plaintiffs to provide them with the parking required by law because of defendant's inequitable, unconscionable or fraudulent conduct, or abuse of confidence in first submitting as developer said land to condominium ownership and then not using it all for the benefit of the condominium and required parking, in representing that he would provide more parking spaces than he actually provided, and in not providing the parking space[s] required by the Naples zoning ordinances.
Count II sought damages under section 718.506, Florida Statutes (1983), relating to publication of false and misleading information. Count III alleged Crans, as president of the condominium association, had breached his fiduciary duty, and, again, sought a constructive trust as the remedy. The complaint demanded a jury trial "for those issues triable by a jury," money damages, injunctions, and a constructive trust.
Thereafter, the trial court issued an order bifurcating the suit, with the equitable issues to be tried by the court and the remaining issues to be tried by a jury. At the beginning of the bench trial, appellants' counsel announced that he was only presenting their case for a constructive trust. He reiterated this in his written closing argument.
After considering the evidence and argument of counsel, the trial court issued its final judgment which denied all of appellants' claims. Following entry of final judgment and upon Crans' amended motion to tax costs, the trial court awarded attorney's fees and costs to Crans.
As their first point on appeal, appellants argue that the trial court erred in hearing their equitable claims before a jury could determine their interrelated legal claims. We agree.
In Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984), the third district held:
[W]here one is entitled to a jury trial on issues sufficiently similar or related to the issues not triable to a jury, and where a determination by the first factfinder would necessarily bind the later factfinder, such issues may not be tried non-jury by the court because to do so would deprive the litigant of his constitutional right to trial by jury. [Citations omitted.]
Id. at 397 (approving Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971)). See also Beacon Theatres, Inc., v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Cerrito v. Kovitch, 457 So.2d 1021 (Fla. 1984); Kies v. Florida Insurance Guaranty Association, 435 So.2d 410 (Fla. 5th DCA 1983); Cheek v. McGowan Electric Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970).
In the present case, there is no question that appellants' claim for damages under section 718.506 is triable by jury, and that their constructive trust claim is generally triable by the court. Cf. K.M.A. Associates, Inc. v. Meros, 452 So.2d 580 (Fla. 2d DCA 1984) (trial court erred in severing legal malpractice claim from claim for constructive trust and setting the former claim for jury trial, with a bench trial for the latter claim to follow, where issues involved in both claims were so related that a jury trial should have been afforded on all issues). It is arguable, however, whether appellants' cause of action for breach of fiduciary duty is equitable or legal, in that the remedy sought for the breach was the imposition of a constructive trust. See, *269 e.g., King Mountain Condominium Association v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1982) (cause of action for breach of fiduciary relationship which sought remedy of disgorgement of secret profits by developer-appointed, initial officers and directors of condominium association was equitable cause not giving rise to right for trial by jury).
By bifurcating the case and trying the constructive trust claim first and ultimately ruling on all claims, the trial court denied appellants of their right to jury trial on their damages claim. Even if the trial court had only ruled on the constructive trust claim, appellants still would have been denied their right to a jury trial on the damages claim because the issues in both claims were so related that the trial court's initial findings of fact on the constructive trust claim would necessarily bind the jury when it later heard the damages claim.
Appellants demanded a jury trial on all legal issues and did not affirmatively waive that right, either by written waiver or announcement in open court. See Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla. 1976); Kies; Cheek. This right was not waived by their acquiescence to a non-jury trial on the constructive trust claim. See, e.g., Kies (appellants did not waive right to jury trial by acquiescence to non-jury trial on coverage issues raised by cross-claim and counterclaim where issues were identical to legal issues determinable by jury); Cheek (defendant did not waive right by his failure to object when trial court announced its decision to take case from jury).
Because the issues presented in all three counts of appellants' complaint were interrelated, if not identical, the trial court erred in severing the case, trying the constructive trust claim first, and then ruling on all claims. Consistent with this court's decision in K.M.A. Associates, Inc. v. Meros, we reverse the final judgment and the post-judgment order awarding Crans attorney's fees and costs, and remand to the trial court with directions that a jury trial should be afforded on all issues. 452 So.2d at 582. Although, as the fifth district noted in Kies, it seems "strange" to reverse the judgment after appellants acquiesced to the non-jury proceedings, the supreme court's decision in Barth requires the court to do so. Kies, 435 So.2d at 410.
Because of our disposition of the case, we need not address appellants' remaining points on appeal.
Reversed and remanded with directions.
RYDER, A.C.J., and LEHAN, J., concur.