515 So.2d 758 (1987)
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES of the State of Florida, and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, Petitioners,
v.
ESTECH, INC., a Delaware Corporation, Respondent.
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES of the State of Florida, and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, Petitioners,
v.
AMERICAN CYANAMID CO., a Maine Corporation, Respondent.
STATE of Florida, DEPARTMENT OF NATURAL RESOURCES of the State of Florida, and the Board of Trustees of the Internal Improvement Trust Fund of the State of Florida, Petitioners,
v.
MOBIL OIL CORP., etc., Respondent.
Nos. 87-1289, 87-1290 and 87-2388.
District Court of Appeal of Florida, Second District.
October 14, 1987.
Rehearings and Rehearing Denied November 19, 1987.
Robert A. Butterworth, Atty. Gen., and Parker D. Thomson, Sp. Asst. Atty. Gen., and David G. Guest, Craig Willis, Jonathan A. Glogau, and Ronald G. Stowers, Asst. Attys. Gen., Tallahassee, for petitioners.
Hume Coleman and Robert Feagin, III, of Holland & Knight, Tallahassee, for respondents Estech, Inc., American Cyanamid Co., and Mobil Oil Corp.
Rehearings and Rehearing En Banc Denied November 19, 1987.
PER CURIAM.
The petitioners, agencies of the State of Florida, are defendants in a long-standing action to quiet title to certain portions of the beds of the Peace and Alafia Rivers. A summary judgment was originally entered in favor of the respondents based upon the trial court's construction of the Marketable *759 Record Title Act.[1] That ruling, however, was reversed by the supreme court, Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986), cert. denied sub. nom., Mobil Oil Corp. v. Board of Trustees of Internal Improvement Trust Fund of State of Florida, ___ U.S. ___, 107 S.Ct. 950, 93 L.Ed.2d 999 (1987), and the litigation is now ripe for trial. The trial court, however, has entered an order striking the petitioners' demand for a jury trial and relief is sought from that order.[2]
A suit to quiet title lies in equity, but when a defendant is in actual possession of any part of the disputed lands, the action is one for ejectment giving rise to a right to jury trial. § 65.061(1), Fla. Stat. (1987). The petitioners' claim to "actual possession" of the rivers, and thus their underlying beds, is analogized to that of the municipal defendant in Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975). The question of possession dealt with in Hollywood involved a public beach. Notwithstanding that property of that kind is not characterized by traditional land uses, it was concluded that possession is to be determined by the presence of activities suited to the land. Thus, the petitioners assert that a river falls into the same category as a beach, and if it has been used in a manner traditionally associated with a river, such use constitutes "possession." As proof of public "possession" the petitioners rely upon state-sponsored weed control on the waterway, state regulated navigational and recreational uses, and a successful trespass prosecution based on timber cutting on lands below the high water mark. The respondents on the other hand dispute that the defendants "possess" the rivers, claiming instead that they have been in open and exclusive possession of those areas by virtue of mining activities. They view any navigation on the waterways as a permissive use granted by them and even if such use has been accompanied by some public-sponsored maintenance, that fact does not result in public "possession." It is evident that the petitioners and the respondents are each able to point to elements indicating possession. Hence, the central issue reduces to whether the petitioners have presented a sufficient quantum of evidence of "possession" to entitle them to trial by jury. The circuit court found they had not, but we disagree based upon the following analysis.
The respondents urge the notion that the state should meet the standard required to establish adverse possession, referring us to City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla. 1974). The petitioners, however, rely upon Hollywood and the analogy between rivers and beaches. The analogy is sound in spite of the factual difference which exists between Hollywood and the matter at hand arising from the extent to which the governmental defendant "possessed" the land. In Hollywood public occupation of the beach was of notable duration and exclusive; here, the public use has been sporadic and seemingly coextensive with the private use. Stated differently, in Hollywood there was "substantial" evidence of possession in the municipality but here there is only "some" evidence indicating possession in the petitioners. Thus, this matter winnows down to, "How much evidence of `possession' must the petitioners show?" We cannot ignore the supreme court's observation in Hollywood that the constitutional right to a jury trial is so fundamental that any question as to its entitlement in a given case ought to be resolved if at all possible in favor of the party demanding a jury. 321 So.2d at 71. Accord, In re Forfeiture of 1978 Chevrolet Van, VIN CGD1584167858, 493 So.2d 433 (Fla. 1986); Quality Coffee Service, Inc. v. *760 Tallahassee Coca-Cola Bottling Co., 474 So.2d 427 (Fla. 1st DCA 1985). In the face of that fundamental right, we are able to find on the present record a sufficient degree of possession to assure the petitioners a jury trial.
The petitions for writs of certiorari are granted and these cases are remanded to the trial court with directions to accord the petitioners a trial by jury.
DANANY, C.J., and RYDER and FRANK, JJ., concur.
NOTES
[1] Chapter 712, Fla. Stat. (1987).
[2] There is some authority to suggest the proper vehicle for relief is mandamus rather than certiorari. See, e.g., Floyd v. Bentley, 496 So.2d 862 (Fla. 2d DCA 1986), rev. denied, 504 So.2d 767 (Fla. 1987); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). But see, e.g., Hobbs v. Florida First Nat. Bank of Jacksonville, 480 So.2d 153 (Fla. 1st DCA 1985); Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982); Smith v. City of Lakeland, 392 So.2d 262 (Fla. 2d DCA 1980). In any event, under our "all writs" jurisdiction we have authority to treat the petition as if the correct remedy had been sought. Article V, §§ 2(a), 4(b)(3), Fla. Const.