BASKIN, Judge.
Appellee concedes that the trial court erred in failing to conduct a trial by jury after appellant demanded a jury trial and did not affirmatively waive that right; ap-pellee may not deprive appellant of his constitutional right to trial by jury merely by serving notice for nonjury trial. See Barth v. Florida State Constructors Serv., Inc., 327 So.2d 13 (Fla.1976); Jayre, Inc. v. Wachovia Bank & Trust Co., N.A., 420 So.2d 937 (Fla. 3d DCA 1982); Chenery v. Crans, 497 So.2d 267 (Fla. 2d DCA 1986); Barge v. Simeton, 460 So.2d 939 (Fla. 4th DCA 1984); Kies v. Florida Ins. Guar. Ass’n, Inc., 435 So.2d 410 (Fla. 5th DCA 1983); Ansel v. Kizer, 428 So.2d 671 (Fla. 2d DCA 1982); Cheek v. McGowan Elec. Supply Co., 404 So.2d 834 (Fla. 1st DCA 1981); Padgett v. First Federal Savings & Loan Ass’n, 378 So.2d 58 (Fla. 2d DCA 1979); Boston Rug Galleries, Inc. v. William Iselin & Co., Inc., 212 So.2d 58 (Fla. 4th DCA 1968); Fla.R.Civ.P. 1.430(d); but see Robinson v. Malik, 164 So.2d 19 (Fla. 3d DCA), cert. denied, 169 So.2d 386 (Fla. 1964) (decided under former Fla.R.Civ.P. 2.1(d), which did not provide that jury trial could be waived only with the consent of the parties).
Reversed and remanded.