FRANK, Acting Chief Judge.
The petition for writ of certiorari before us arises from a single count complaint alleging the breach of a covenant not to compete. The plaintiff was granted temporary injunctive relief and now seeks a permanent injunction and damages. Two orders entered by the trial court, one setting the plaintiffs application for an injunction for a nonjury trial and the other denying the defendant’s request for jury trial, are challenged. We have jurisdiction. Valiante v. Allstate Insurance Co., 462 So.2d 590 (Fla. 2d DCA 1985); Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
The defendant filed a demand, for jury trial on all issues triable by a jury. The plaintiff filed a motion to set his entitlement to an injunction for nonjury trial and the defendant filed an objection. The trial court entered an order setting the injunc-tive claim for nonjury trial. The defendant filed a motion to vacate that order and a motion to set the case for jury trial. The trial court denied the motions and the defendant filed the present petition.
The central issue in the damage claim, entitling the defendant to a jury trial, is indistinguishable from the pivotal issue associated with the request for in-junctive relief, an equitable proceeding not entitling the defendant to a jury trial. We have determined that the trial court departed from the essential requirements of law in denying a jury trial of all issues. A threshold factual determination by the trial court in the equitable aspect of this matter, i.e. that the covenant was or was not breached, would bind a subsequent jury through collateral estoppel and thus deny the defendant a trial by jury in the resolution of the claim for damages. See Chenery v. Crans, 497 So.2d 267 (Fla. 2d DCA 1986); Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984). Cf. Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970) (trial court did not err in ordering that the threshold issue of whether there had been a taking, an equitable issue, would be determined by the court and questions of compensation would be submitted then to a jury where there was no possibility of collateral estop-pel through the judge’s determination of facts triable to a jury).
Accordingly, the petition for writ of cer-tiorari is granted, the trial court’s orders are quashed, and the matter remanded to the trial court for further proceedings not inconsistent with this opinion.
PARKER and ALTENBERND, JJ., concur.