563 So.2d 1122 (1990)
JOHNSON ENGINEERING, INC., a Florida Corporation, Petitioner,
v.
J. Foster PATE, As Trustee, Respondent.
Case No. 90-01333.
District Court of Appeal of Florida, Second District.
July 6, 1990.
*1123 Steven R. Berger and Bradley H. Trushin of Wolpe, Leibowitz, Berger & Brotman, Miami, and Clifford C. Gorman of Peterson & Bernard, Fort Lauderdale, for petitioner.
Theodore L. Tripp, Jr., Fort Myers, for respondent.
PER CURIAM.
The petitioner seeks a writ of certiorari to quash an order that denied, as untimely, its request for a jury trial. We have jurisdiction. Quality Coffee Service, Inc. v. Tallahassee Coca-Cola Bottling Co., 474 So.2d 427 (Fla. 1st DCA 1985); Magram v. Raffel, 443 So.2d 396 (Fla. 3d DCA 1984); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970). But see Tucker v. Rudnianyn, 517 So.2d 785 (Fla. 5th DCA 1988); Lindsey v. Sherman, 402 So.2d 1349 (Fla. 4th DCA 1981) (both holding that certiorari does not lie to review orders denying demand for jury trial). Cf. State, Department of Natural Resources v. Estech, Inc., 515 So.2d 758, 759 n. 1 (Fla. 2d DCA 1987) (suggesting that either mandamus or certiorari is appropriate vehicle to challenge such order).
In August 1989 the respondent filed a complaint against petitioner. The petitioner answered the complaint by essentially denying all allegations. On January 24, 1990, the respondent noticed the case for nonjury trial. On March 1, 1990, the petitioner filed a motion to amend its answer to include affirmative defenses and a request for jury trial.
At the April 2, 1990, hearing on the motion to amend, counsel for the respondent objected to the petitioner's demand for jury trial on the basis that it would "substantially delay" the proceedings. Counsel for the petitioner explained to the trial court that the delay in the request for a jury trial was occasioned by a clerical error and subsequent discovery revealed that the case was more complex than initially assessed and involved issues best tried by a jury. Counsel further argued that there would be no undue delay in the matter because it had been at issue for less than six months and had not been set for trial. The trial court granted the petitioner's motion to amend its answer to raise the affirmative defenses, but denied its demand for a jury trial on the basis that the request was untimely.
In Hollywood, Inc. v. City of Hollywood, 321 So.2d 65 (Fla. 1975), the supreme court held that "[w]here an amended pleading injects a new issue in the case the time for filing a demand for a jury trial is revived although the party making the demand may have waived the right to a jury trial at the time of the initial responsive pleadings." Id. at 72. In that case the supreme court quashed an order which denied the respondent's timely demand for a jury trial filed after its amended answer and crossclaims were filed. See also Quality Coffee Service, Inc. (quashing a similar order). Cf. Southeast Aluminum Supply Corp. v. Plastics North American, Inc., 413 So.2d 440 (Fla. 3d DCA 1982) (trial court did not abuse discretion in denying demand for jury trial where leave to file amended pleading was conditioned on trial not being delayed by request for jury trial).
Based upon these authorities, we conclude that the trial court departed from the essential requirements of the law in denying the petitioner's demand for jury trial, embodied in its amended answer, that raised new issues which are triable by a jury. Accordingly, we grant the petition, quash the trial court's order, and remand for further proceedings consistent with this opinion.
LEHAN, A.C.J., and PARKER and ALTENBERND, JJ., concur.