PER CURIAM.
Petitioners seek review of the circuit court’s order bifurcating the issues in three pending circuit court cases. The same order declared that the issue of whether a joint venture existed would be tried nonjury.[1] We have certiorari jurisdiction to review the order as one denying the right to a jury trial. See Marshall v. Sprecher, 559 So.2d 1280 (Fla. 2d DCA 1990); Valiante v. Allstate Insurance Co., 462 So.2d 590 (Fla. 2d DCA 1985); Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
Daniel T. Kusic, P.A., sued Barnett Banks, Inc. (Barnett Bank) for breach of a written contract for legal services entered into between the law firm and JBS, Ltd. The two-count complaint alleged that Barnett Bank was liable for damages in its capacity as a partner of JBS, Ltd. The complaint sought damages based on theories of breach of a written contract and account stated. Harbour Towne Proper *1344 ties, Inc., a real estate firm, sued Barnett Bank in a separate circuit court action in a one-count complaint for damages arising from breach of a written commission agreement.
Barnett Bank concedes that the trial court erred in requiring a nonjury determination of the issue of the existence of the joint venture between JBS, Ltd. and Barnett Bank. Both circuit court cases are legal claims seeking damages. Accordingly, we grant the petition for writ of certio-rari and quash that portion of the trial court’s order bifurcating the issues and requiring a nonjury trial on the issue of the existence of a joint venture.
RYDER, A.C.J., and THREADGILL and PARKER, JJ., concur.

. The same order is the subject of another pending petition for writ of certiorari in Hovis v. Barnett Bank of Southwest Florida, Case No. 91-02487. The circuit court order was entered in all three pending circuit court cases.