IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHARLES J. RUFFENACH

        Petitioner,

 v.                                 Case Nos. 5D18-469

OCWEN LOAN SERVICES, LLC,

        Respondent.

_____/

Opinion filed October 5, 2018

Appeal from the Circuit Court
for Brevard County,
Lisa Davidson, Judge.

Nicholas A. Vidoni, of Watson, Soileau,
DeLeo & Burgett, P.A., Cocoa, for
Petitioner.

Michael R. Esposito and Michelle
M. Gervais, of Blank Rome LLP, Tampa,
for Respondent.

COHEN, C.J.

## ON MOTION FOR REHEARING

After the lower court struck Charles Ruffenach's demand for a jury trial, Ruffenach filed a petition for writ of mandamus seeking redress. This Court treated the petition as one for writ of certiorari and denied it by order. In response, Ruffenach filed a lengthy motion for rehearing, rehearing en banc, clarification, certification, and/or written opinion. He was not entirely without justification.

In his motion, Ruffenach correctly presents that he did not seek relief under certiorari review because the law clearly provides that the striking of a demand for jury trial is not reviewable by certiorari. Jaye v. Royal Saxon, Inc., 720 So. 2d 214, 215 (Fla. 1998). The merits panel was well aware of the case law and reviewed the relief sought as it was fashioned. The final order should have reflected that.

However, our review led us to the same conclusion: the lower court's decision to strike the request for a jury trial is a non-appealable, non-final order not subject to mandamus review. Mandamus was designed to compel the performance of a specific, imperative ministerial duty, not to review allegedly erroneous judicial decisions. Migliore v. City of Lauderhill, 415 So. 2d 62, 63 (Fla. 4th DCA 1982), aff'd, 431 So. 2d 986 (Fla. 1983).

Contrary to Ruffenach's argument, no other district court of appeal has held otherwise. Ruffenach's reliance on a footnote in Department of Natural Resources v. Estech, Inc., 515 So. 2d 758, 759 n.2 (Fla. 2d DCA 1987), is misplaced. Estech, which also addressed a challenge to the striking of a demand for a jury trial, was decided in the context of a petition for writ of certiorari, and in light of the Florida Supreme Court's decision in Jaye, is no longer good law. Further, citation to a footnote speculating as to whether mandamus would have been a proper vehicle for the challenge hardly constitutes authority for that proposition.

The appellate landscape has changed dramatically from the days of common law writs. We now primarily look to the Florida Constitution and the appellate rules for a determination of jurisdiction. Neither provides a basis for relief from the order entered below. The lower court's ruling interpreted the language of a contract containing a clause

2

waiving the right to a trial by jury. If the lower court erred in its interpretation, and if Ruffenach does not prevail following trial and entry of a final judgment, his remedy will follow.

Accordingly, we grant the motion for rehearing, motion for clarification, and motion for written opinion. We deny the petition for mandamus.

EISNAUGLE and HARRIS, JJ., concur.