327 So.2d 13 (1976)
Hazel E. Wallman BARTH, Petitioner,
v.
FLORIDA STATE CONSTRUCTORS SERVICE, INC., Respondent.
No. 46549.
Supreme Court of Florida.
January 21, 1976.
Rehearing Denied March 9, 1976.
*14 John W. Prunty and Wm. Bruce Israel, of Prunty, Ross, De Loach & Olsen, Miami, for petitioner.
Sidney L. Syna, of Fink & Syna, Miami, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 302 So.2d 476, Fla.App. Our jurisdiction is based upon conflict between the decision sought to be reviewed and Hightower v. Bigoney.[1]
Respondent-Company was engaged by a written contract to furnish certain services to Petitioner's home, i.e., hydro pressure blasting the home, patching all cracks on the exterior walls, caulking all areas where needed, replacing three iron posts with aluminum ones, applying a perma-dry textured coating to home and fixtures, applying color white with sparkles, applying Plazcote E.O. to roof, and painting of trim doors, fascias, etc. The contract provided for a total payment of $2,935.20, including finance charges, payable in sixty monthly installments. Upon completion of at least 90% of Respondent's work Petitioner refused to allow Respondent's employees back on her premises and refused to pay. A mechanics' lien was filed by Respondent, who subsequently brought an action in equity to foreclose this lien. Petitioner answered, admitting that certain labor and materials had been furnished the premises but denying that they had been accomplished as alleged; in addition, Petitioner filed a compulsory counterclaim, alleging damages to her property in excess of $5,000.00 caused by the unprofessional and unworkmanlike manner in which the contract was partially carried out. This compulsory counterclaim included a demand for a jury trial. Respondent filed its answer to Petitioner's counterclaim as well as its reply to her affirmative defenses. Although there is no record that Petitioner objected to a non-jury trial, the case was heard without a jury even though Petitioner's demand for a jury trial was never withdrawn. After completion of the trial without a jury, judgment was entered in favor of Respondent, awarding it approximately 90% of the claim; having reviewed Petitioner's motion for new trial, the court ordered that the property be sold to satisfy the judgment. After entering judgment for Respondent the trial court denied Petitioner all relief on her counterclaim, including the demanded trial by jury, all of which was over Petitioner's objections. After Petitioner's motion for new trial was denied, she appealed to the District Court of Appeal, Third District, which denied Petitioner's requested relief, holding that she had waived her right to a trial by jury and citing Hightower v. Bigoney, supra.
Upon careful examination of the record and argument of counsel we are compelled to reverse the decision of the District Court of Appeal for the following reasons.
As set forth in Article I, Section 22, of the Florida Constitution as revised in 1968, "The right of trial by jury shall be secured to all and remain inviolate... ."
In Hightower, supra, this Court stated:
"... It is settled that one may by affirmative plea or by silence waive his right to a jury trial but when a litigant timely appears, as he did in this case, and enters a plea for it or claims it in proper manner, that claim and not the chancellor's discretion is the final word and it is the duty of the court to make provision for it because Section 3 [now Section 22, supra], Declaration of Rights, guarantees it.

*15 * * * * * *
"In summary, we hold that the filing of a compulsory counterclaim for relief cognizable at law in an action for equitable relief does not constitute the counterclaimant's waiver to the right to a jury trial of the issues raised by said compulsory counterclaim, provided, jury trial is timely demanded."
The Hightower case, supra, has been strengthened by current revision of the Florida Rules of Civil Procedure, which provides in part as follows:
"Rule 1.430. Demand for Jury Trial; Waiver.
"(a) Right Preserved. The right of trial by jury as declared by the Constitution or by statute shall be preserved to the parties inviolate.
* * * * * *
"(d) Waiver. ... A demand for trial by jury may not be withdrawn without the consent of the parties."
In the case sub judice there was never a specific waiver in writing or by announcement in open court that Petitioner intended to waive a trial by jury which she had previously properly requested by her answer and counterclaim. In this regard this case may be distinguished from the decision in May v. Arnold Construction Company,[2] on which the District Court relied, since that case involved a written waiver of a trial by jury together with consent that the case be submitted to the court sitting non-jury.
In light of the authority cited above, it is our view that, once a demand for jury trial has been timely made, it takes affirmative action on the part of a defendant to waive that constitutional right; that the filing of a compulsory counterclaim for relief cognizable at law in an action for equitable relief does not constitute the counter-claimant's waiver of the right to a jury trial on the issues raised by that compulsory counterclaim, provided jury trial is timely demanded;[3] and that this Petitioner, having received Respondent's notice of non-jury trial and the order entered thereon, did not waive her constitutional right to a jury trial.
Accordingly, the decision of the District Court of Appeal, Third District, is quashed and the cause remanded with instruction to remand the cause to the Dade County Circuit Court for jury trial of Petitioner's counterclaim.
It is so ordered.
ADKINS, C.J., and OVERTON, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] 156 So.2d 501 (Fla. 1963).
[2] 78 So.2d 705 (Fla. 1955).
[3] Hightower, supra, note 1; Adams v. Citizens Bank of Brevard, 248 So.2d 682, 684 (Fla.App. 1971).