SCHEB, Chief Judge.
J. Frank Blackburn filed an action for replevin against appellant Lewis E. Blackburn. Appellant filed his answer and counterclaim incorporating a demand for jury trial. He renewed the demand at pretrial conference. The court, nevertheless, denied the demand, conducted a nonjury trial and *52 entered final judgment for Frank Blackburn. In this appeal the appellant challenges the trial court’s denial of his demand for jury trial.
A litigant has a right to a jury trial when the issue presented in a case would have been heard at common, law. Carney v. Stringfellow, 73 Fla. 700, 74 So. 866 (1917); see Dudley v. Harrison, McCready & Co., 127 Fla. 687, 173 So. 820 (1937); In re U. S. Financial Services Litigation, 609 F.2d 411 (9th Cir.1979). Replevin was a common-law action. Three States Lumber Co. v. Blanks, 133 F. 479 (6th Cir. 1904); Road Material and Equipment Co. v. McGowan, 229 Miss. 611, 91 So.2d 554 (1956). Consequently, a party in a replevin action is entitled to a jury trial as long as he timely demands it and does not waive the right. Fla.R.Civ.P. 1.430.
Here, appellant filed a timely demand under rule 1.430(b) for a jury trial in his answer and counterclaim. Further, the record does not indicate that he ever waived that right. Accordingly, we reverse and remand for a jury trial on all issues triable by jury.
GRIMES and CAMPBELL, JJ., concur.