PER CURIAM.
Defendant appeals from a final judgment awarding plaintiff $37,700 as the sum due under a promissory note. Plaintiff/appel-lee sued seeking a recovery of sums under a note, and the defendant filed an answer in which a demand for jury trial was made. Although there was some confusion thereafter regarding the setting and resetting of the case on the court’s non-jury calendar, it appears that the defendant’s request for a jury trial was brought to the trial court’s attention in a timely fashion by motion prior to the eventual non-jury trial. The court denied defendant’s request for jury trial and in doing so we conclude the court erred. The rule on this subject is stated in Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla.1976), and Hightower v. Bigoney, 156 So.2d 501 (Fla.1963). The defendant’s request for a jury trial should have been granted.
The plaintiff seeks by cross appeal to assert error in the denial of a motion for summary judgment made prior to trial. Plaintiff’s arguments in support of the motion for summary judgment are based almost entirely on the testimony given in the actual non-jury trial. Obviously, this testimony was not before the trial court at the time of hearing on the motion for summary judgment. We thus do not decide the issues posed on cross appeal as they are not properly presented for our review.
The judgment below is reversed and the cause remanded for further proceedings which should include a jury trial. We stress, however, that a trial is only necessary to resolve genuinely disputed issues and further summary judgment procedures are not foreclosed by this decision.
REVERSED AND REMANDED.
ANSTEAD, BERANEK, and GLICK-STEIN, JJ., concur.