COWART, Judge.
A subcontractor who had furnished material and labor toward the construction of a house for the Van Prooyens brought an action to enforce a mechanics’ lien to recover for the work, against Huber, as general contractor, and the Van Prooyens. Huber cross-claimed against the Van Prooyens for the sums due under its contract with them. In their answer to this cross-claim, the Van Prooyens demanded trial by jury “on all issues triable by a jury.” The trial judge struck the demand upon Huber’s motion, because no issues were triable by jury at that time. Striking the demand was improper; issues triable by jury could, and in fact did, later arise. Subsequently, the Van Prooyens filed a cross-claim against Huber for negligent performance of the construction contract. All issues were tried without a jury.
Jury trial should have been held on the Van Prooyens’ cross-claim, even though, at the time the demand for jury trial was filed, no issues in the cause were triable by jury. The demand was timely as to this claim under Florida Rule of Civil Procedure 1.430(b), which provides that a demand may be served at any time after commencement of the action and ten days after service of the last pleading directed to the issue to be so tried.
Furthermore, the Van Prooyens did not waive their demand by their subsequent failure to request jury trial within the cross-claim itself or their acquiescence in non-jury trial of their cross-claim. Once jury trial has been demanded, it can be waived only by affirmative act, such as a specific waiver in writing or an announcement of the waiver in open court. Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla.1976).
Since the Van Prooyens’ cross-claim against Huber was improperly tried without a jury, the final judgment is reversed insofar as it adjudicates the claim and the cause is remanded for jury trial of that claim alone.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, C.J., and SHARP, J., concur.