435 So.2d 410 (1983)
Harlow J. KIES and Doris Kies, His Wife, Appellants,
v.
FLORIDA INSURANCE GUARANTY ASSOCIATION, INC., Appellee.
No. 82-154.
District Court of Appeal of Florida, Fifth District.
August 4, 1983.
Bruce W. Jacobus of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellants.
Sutton G. Hilyard, Jr., of Pitts, Eubanks & Ross, P.A., Orlando, for appellee.
ORFINGER, Chief Judge.
The issue we consider on this appeal is whether appellants were improperly denied a trial by jury on the question of insurance coverage when the trial court severed that question for separate trial. We hold that they were, and we reverse.
This is another case of dog biting man. Plaintiffs alleged in substance that Harlow J. Kies, a letter carrier, was injured when he was bitten by a dog owned by defendants Ronald Halfacre and Patty Halfacre, his wife; that Ronald Halfacre owned a business known as Custom Drywall, that he owned the dog in connection with said business, *411 taking the dog with him to job sites to protect tools and material; that while the dog was so being used by defendant, plaintiff suffered the unprovoked attack; that Custom Drywall was protected by a policy of liability insurance under which plaintiff was a third party beneficiary, and for which defendant Florida Insurance Guaranty Association, Inc. (FIGA) was liable because the original insurer had become insolvent. Plaintiffs made a timely demand for a jury trial on all issues triable by jury.
FIGA answered the complaint, admitted the existence of the insurance policy in question and that it was in effect on the date of the incident, but denied that the policy covered the incident because the insured was not engaged in the insured hazard (lathing) at the time it occurred. Simultaneously, FIGA filed a cross-claim against Halfacre and a counterclaim against the plaintiffs, in each pleading seeking a declaratory judgment that the insurance policy did not cover the dog bite for which plaintiff claimed damages. The basis for the relief sought in both the cross-claim and the counterclaim was the same as was raised in the affirmative defense to the complaint, that the insured was not engaged in the insured hazard.
Granting the insurer's motion to sever the coverage issue, the court set the coverage issue for trial without a jury, and following the trial entered judgment for FIGA, holding that there was no coverage. This appeal follows from the final judgment dismissing the action against FIGA.
Appellants raise several issues, but only one requires our attention. They contend that the court could not deprive them of a trial by jury in the absence of their express waiver of that right, and that this right was not waived. Appellants appear to be correct in that position, so we reverse for a jury trial.
Once appellants properly and timely made a demand for jury trial in their pleading, it required affirmative action on their part such as a written waiver or an announcement in open court to waive that constitutional right. Their right was not waived by acquiescence to a non-jury trial on the coverage issues raised by the cross-claim and counterclaim. Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla. 1976); Van Prooyen v. Maples, 403 So.2d 509 (Fla. 5th DCA 1981). Those issues were identical to the issue of coverage raised in FIGA's affirmative defenses to the complaint and were legal issues determinable in a jury trial. The resolution of the cross-claim and counterclaim turned on facts which were common to the claim raised by the amended complaint and the affirmative defense. The trial court should not have entertained a separate action for declaratory judgment on an issue properly raised in the pleadings in the main action, and already before the court. See Taylor v. Cooper, 60 So.2d 534 (Fla. 1952); Fox v. State Board of Osteopathic Medical Examiners, 395 So.2d 192 (Fla. 1st DCA 1981); Adams v. Citizens Bank of Brevard, 248 So.2d 682 (Fla. 4th DCA 1971). While we recognize the right of the trial court to sever the issue of insurance coverage and try that issue separately, Fla.R.Civ.P. 1.270(b); Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970); Stecher v. Pomeroy, 253 So.2d 421 (Fla. 1971), such severance does not deprive a party of a right to jury trial on issues properly triable before a jury, and the trial court should not have permitted the cross-claim and counterclaim on the coverage issue to be used as a device to deprive appellants of their right to a jury trial on that issue.
It does seem strange that we must reverse the judgment below in the absence of any objection by the appellant to the non-jury proceedings (at least none appears in the record before us), but we are constrained to do so here, as we were in Van Prooyen, on the authority of Barth.
The final judgment is reversed and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.