NESBITT, Judge.
By common law certiorari, Powell challenges an order denying his motion claiming entitlement to a trial by jury. We have jurisdiction. Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982). We agree with Powell and quash the order under review.
Southern Bell commenced an action against Powell for declaratory judgment and other relief. Powell procured a court order granting him an extension of time in which to file a counterclaim. His counterclaim was filed on the last day permitted by that order. Two days later, Southern Bell filed an answer to the counterclaim. Two days after the filing of Southern Bell’s answer, Powell filed an amended counterclaim. At the end of this amended pleading, Powell indorsed a general demand for trial by jury. On Southern Bell’s motion, the trial court disallowed the amended counterclaim finding it a nullity because it was filed without the consent of the opposing party and without leave of court. Fla. R.Civ.P. 1.190(a). By subsequent motion, Powell claimed the demand for jury trial indorsed on the failed pleading was effectual and entitled him to a trial by jury. The trial court denied the motion, finding the demand a nullity along with the pleading.
The sole issue presented is whether a demand for jury trial indorsed on a fatal pleading is nonetheless effective. Florida Rule of Civil Procedure 1.430(b) provides that a party may demand a jury trial by either serving a written demand therefor on the opposing party not later than ten days after service of the last pleading directed to the issue, or by indorsing the demand upon a pleading. By this latter means, the rule merely allows service to be made without the necessity of a separate piece of paper. In the present case, although the trial court correctly found the amended counterclaim to be a nullity, Warner-Lambert Co. v. Patrick, 428 So.2d 718 (Fla. 4th DCA 1983), the general demand *74 for a jury trial should have been regarded as a separate and independent demand. Since such a demand indorsed on a pleading is not actually an element of that pleading, it will not fail because the pleading is fatal.
Unlike the amended pleading in this case, a demand for jury trial by a party does not require the opposing party’s consent nor leave of court when made within ten days after service of the last pleading. Boston Rug Galleries, Inc. v. William Iselin & Co., 212 So.2d 58, 60 (Fla. 4th DCA 1968). Powell’s demand was in writing and served on Southern Bell two days after service of the final pleading (Southern Bell’s answer to the counterclaim). The demand, therefore, was timely and effective. Fla.R.Civ.P. 1.430. Cf. Moretto v. Sussman, 274 So.2d 259 (Fla. 4th DCA 1973) (demand for jury trial not made within ten days after last valid pleading on the issue).
Once a demand for a jury trial is made, the right thereto is preserved inviolate to the party making it. Boston Rug Galleries, 212 So.2d at 60. Thereafter, it takes affirmative action on the part of the one making the demand to waive the right to a trial by jury. Barth v. Florida State Constructors Service, Inc., 327 So.2d 13, 15 (Fla.1976). Powell has taken no such action in the present case.
For the foregoing reasons, certiorari is granted and the order denying the motion claiming entitlement to trial by jury is quashed with directions to grant the motion.