592 So.2d 357 (1992)
Maurice T. ADKINS, Jr., Appellant,
v.
John Sherman WINKLER and Lynne Price Winkler, Appellee.
No. 90-1393.
District Court of Appeal of Florida, First District.
January 16, 1992.
*358 Maurice T. Adkins, Jr., pro se.
John J. Sulik, of Dawson, Galant, Sulik & Wiesenfeld, Jacksonville, for appellee.
ERVIN, Judge.
Our opinion of December 17, 1991 and mandate issued thereto are withdrawn and the following opinion substituted therefor.
Appellant, Maurice T. Adkins, Jr., seeks review of a final judgment foreclosing appellee John Sherman Winkler's possessory landlord's lien and assessing damages in the amount of $35,549.95 against him. Among the eight issues appellant raised were three in which he asserted the trial *359 judge erred in (1) refusing to grant trial by jury, (2) not having appellant transported from prison to attend the trial, and (3) failing to recuse or disqualify himself from the case. As to those issues, we affirm the lower court's decision to deny appellant's motion to recuse, and find no error in its alleged failure to have appellant transported to the trial. We do, however, agree with appellant that he should have been allowed a jury trial on the counterclaim issues and therefore reverse and remand the cause for new trial. Our disposition of the jury trial issue essentially moots the remaining five issues raised by appellant, involving errors purportedly arising from the trial, including the assessment of damages. Consequently, we do not rule on those points.
Turning first to the jury trial issue, once a party demands a trial by jury, the party's right is preserved inviolate and can only be waived by affirmative act, such as specific waiver in writing or announcement in open court. Powell v. Southern Bell Tel. & Tel. Co., 448 So.2d 72, 74 (Fla. 3d DCA 1984); Van Prooyen v. Maples, 403 So.2d 509, 510 (Fla. 5th DCA 1981). To demand a jury trial, Florida Rule of Civil Procedure 1.430(b) provides:
Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other party a demand therefor in writing at any time after commencement of the action and not later than ten days after the service of the last pleading directed to such issue. The demand may be indorsed upon a pleading of the party.
Once a party has made a timely demand, the opposing party cannot deprive him or her of a jury trial by scheduling the matter for a nonjury trial. Padgett v. First Fed. Savs. & Loan Ass'n of Santa Rosa County, 378 So.2d 58, 63 (Fla. 1st DCA 1979).
In the instant case, appellant filed his complaint seeking replevin and injunctive relief on April 7, 1989. No demand for trial by jury was made therein. Appellees did not demand jury trial in the answer and counterclaim, which they filed on April 25, 1989. No other pleading was thereafter directed to the issues raised in appellant's complaint.[1] Appellant, did, however, file an answer to the counterclaim on July 7, 1991, wherein he demanded "[t]rial by jury of all issues so triable." Appellant filed a subsequent demand for jury trial on October 11, 1989.
Appellant's general demand made at the conclusion of his responsive pleading to the counterclaim is sufficient to preserve his right as to those issues. See Powell v. Southern Bell Tel. & Tel. Co., 448 So.2d 72 (Fla. 3d DCA 1984) (demand for jury trial made at conclusion of amended counterclaim was sufficient, although counterclaim was later found to be a nullity); Blackburn v. Blackburn, 393 So.2d 51 (Fla. 2d DCA 1981) (demand for jury trial was timely made in answer and counterclaim). Moreover, the record contains no evidence that appellant ever waived his previously claimed right to jury trial and, in fact, his subsequent filing of a demand therefor indicates that he continued to claim that right. Consequently, because appellant timely demanded trial by jury on the counterclaim, his right was preserved as to those issues, and appellees' subsequent demand for nonjury trial could not deprive appellant of his right. Padgett. Thus, the trial court erred by failing to provide appellant with a jury trial on the counterclaim issues, and the case must be reversed and remanded for new trial by jury on all issues raised in the counterclaim that are triable of right by a jury.
However, in regard to the issues raised in appellant's complaint, neither the demand made in his answer to the counterclaim nor that made on October 11, 1989, were timely under rule 1.430(b). Under those circumstances, the granting of a jury trial in regard to any of those claims is within the trial court's discretion, and that discretion is not abused unless it is plain that justice would be denied if jury trial *360 was not granted. Wertman v. Tipping, 166 So.2d 666, 667 (Fla. 1st DCA 1964). On remand, the trial court may, upon a proper showing by appellant,[2] exercise its discretion and allow jury trial on the replevin count[3] set forth in appellant's complaint, even though the demand therefor was untimely. See, e.g., Wood v. Warriner, 62 So.2d 728 (Fla. 1953) (en banc); Fountain of Youth Broadcasting Co. v. Church, 51 So.2d 728 (Fla. 1951).
Turning next to the question of whether the trial judge should have granted appellant's motion for recusal, it is well established that the moving party carries the burden of showing that he or she has a well-grounded fear that he or she will not receive a fair trial at the hands of the judge. Once the movant has met that burden, the moving documents must be deemed legally sufficient and the trial judge has no alternative but to discontinue further action in the case. Livingston v. State, 441 So.2d 1083, 1086-87 (Fla. 1983); Crosby v. State, 97 So.2d 181, 183-84 (Fla. 1957); Sikes v. Seaboard Coast Line R.R. Co., 429 So.2d 1216, 1224-25 (Fla. 1st DCA), review denied, 440 So.2d 353 (Fla. 1983); § 38.10, Fla. Stat. (1987); Fla. R.Civ.P. 1.432.
In the instant case, appellant alleged the following grounds in support of his request to have Judge Hair recuse himself:
(1) The Honorable Mattox Hair has a longstanding relationship with John J. Sulik, attorney for the defendants. Inclusive of Mr. Sulik and his law firm's support of Mr. Hair in past political elections.
(2) Defendant John Sherman Winkler is an attorney and plaintiff fears partiality will be shown towards the defendant.
(3) The Honorable Mattox Hair has publicly stated his displeasure with those who are involved in criminal activity. In view of the fact that this action stems from the alleged criminal conduct of the plaintiff, it is doubtful the plaintiff could[] expect a fair and impartial trial.
(4) The Honorable Mattox Hair has already shown prejudice in the case by failing to acknowledge plaintiff[']s representatives at a hearing held on July 30, 1989.
Appellant also filed an affidavit stating that the motion was filed in good faith and "that the facts contained in this motion and affidavit are true and correct."
The motion was properly denied because neither the motion nor the affidavit contained sufficient facts upon which it could be determined that appellant had a well-grounded fear that he would not receive a fair trial at the hands of Judge Hair. See Nathanson v. Korvick, 577 So.2d 943 (Fla. 1991), and MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla. 1990) (both holding that trial judge need not disqualify himself or herself based on allegation that opposing counsel contributed to the judge's political campaign). Cf. Sikes (recusal required because of trial judge's dismissal of punitive claim, facial gestures during trial, and objection to defense); Brewton v. Kelly, 166 So.2d 834 (Fla. 2d DCA 1964) (judge biased against attorneys because they signed petition to impeach). Additionally, appellant's motion, which was filed in November 1989, would appear to be untimely in that it alleged information known to appellant soon after he had filed his complaint in April 1989, i.e., the longstanding relationship between Judge Hair and attorney Sulik. Appellant also waited several months to complain about the judge's alleged failure to acknowledge his representatives. Fischer v. Knuck, 497 So.2d 240, 243 (Fla. 1986) (motion to disqualify must be made within a reasonable time after discovering the facts upon which the motion is based). Finally, given the fact that the defendant is an attorney, if such a ground was legally sufficient, then all law-suits *361 against attorneys would require disqualification of all judges.
The third and final point warranting discussion arises from appellant's contention that the trial court erred by not having him transported from prison to attend the trial. Pertinent case law indicates that when an inmate is involved in civil litigation, it is improper to enter a default because he or she is unable to attend a hearing or trial, in the absence of findings regarding the inmate's inability to be present. See, e.g., Leone v. Florida Power Corp., 567 So.2d 992 (Fla. 1st DCA 1990); Brown v. Sheriff of Broward County Jail, 502 So.2d 88 (Fla. 4th DCA 1987). Under this authority, because the final judgment does not make any findings regarding appellant's inability to be present, it should be reversed and the matter remanded to the trial court with directions that it specifically address the issue of appellant's inability to appear. See, e.g., Conner v. Conner, 590 So.2d 513 (Fla. 1st DCA 1991). However, unlike the above cases, appellant never made any motion or request to the trial court to transport him to the trial. Absent such a request, it cannot be said that the trial court abused its discretion by not ordering appellant be transported to the trial. Nevertheless, because the judgment must be reversed and the case remanded for trial be jury, the lower court, if appellant makes a request for transportation, should consider the factors listed in Leone and Brown in deciding whether or not to grant any such motion.
AFFIRMED in part, and REVERSED and REMANDED for trial by jury.
ALLEN and WOLF, JJ., concur.
NOTES
[1] The only authorized pleadings are a complaint or petition and an answer to it; answers to counterclaims and crossclaims; third party complaints and answers; and a reply. See Fla. R.Civ.P. 1.100(a).
[2] See Wertman, 166 So.2d at 667-68.
[3] Although a party is not ordinarily entitled to a jury trial in actions in equity, For Adults Only, Inc. v. State ex rel. Gerstein, 257 So.2d 912 (Fla. 3d DCA 1972), cert. denied, 292 So.2d 592 (Fla. 1974), an action for replevin entitles a party to jury trial. Blackburn v. Blackburn, 393 So.2d 51 (Fla. 2d DCA 1981).