593 So.2d 1135 (1992)
Austin E. GUIRLINGER, Appellant,
v.
GOLDOME REALTY CREDIT CORP., Appellee.
No. 90-3680.
District Court of Appeal of Florida, First District.
February 7, 1992.
Richard W. Taylor, Taylor and Early, Deland, for appellant.
Michael L. Rosen, Susan L. Turner and Lawrence J. Hamilton, III, Holland and Knight, Jacksonville, for appellee.
ERVIN, Judge.
Appellant, Austin E. Guirlinger, seeks review of an order granting summary final judgment in favor of appellee, Goldome Realty Credit Corporation (Goldome). We reverse the summary final judgment and remand for further proceedings. In so doing, we affirm many of the 19 issues raised by appellant without comment and address only those issues pertinent to the summary judgment issue or to the proceedings on remand.
This suit was instituted by the filing of a complaint by Goldome on May 26, 1989, against Northgate Terrace Apartments, *1136 Ltd., a Florida limited partnership (hereinafter the Northgate Partnership or partnership), and appellant, Austin E. Guirlinger. Count I of the complaint sought foreclosure of a mortgage executed by the Northgate Partnership and appointment of a receiver over the real property and improvements thereon, which consisted of an apartment complex known as Northgate Terrace Apartments, and Count II was an action against appellant based on a personal guaranty he had executed on November 22, 1983, in connection with the note and mortgage executed by the Northgate Partnership on the same date.
Of specific relevance to this suit is paragraph 10 of the guaranty which provides:
10. Notwithstanding anything contained in this Agreement to the contrary, this Agreement and Guarantor's obligations herein shall terminate upon the fulfillment of all of the following conditions:
(a) The "Project" as defined in the Construction Loan Agreement shall have been completed in accordance with Paragraph 23 of the Construction Loan Agreement.
(b) The "Project" is free of all liens and encumbrances not permitted by the Mortgage.
(c) There exists no ongoing, uncured defaults under the Loan Documents.
(d) The gross rentals derived from the Project are equal to or greater than the sum of the operating expenses of the Project plus debt service on the Project.
Appellant filed his answer and affirmative defenses, wherein he demanded trial by jury on all matters so triable. Although a final default judgment of foreclosure was entered against the Northgate Partnership in the amount of $1,467,696.78 on November 16, 1989, because the Northgate Partnership subsequently filed bankruptcy, the property could not be sold. Consequently, Goldome filed a motion to sever and to set Count II for trial, which was granted.
Both parties subsequently filed motions for summary judgment and numerous affidavits and depositions in support and opposition thereto. It was appellant's position that all conditions set forth in paragraph 10 of the guaranty had been met, and that pursuant to the terms of the guaranty, his obligation was terminated. Goldome contended that a second mortgage existed on the property, and because payments of interest on the second mortgage caused operating expenses to be greater than gross rentals, the conditions for termination of the guaranty were not satisfied. Several hearings were held on the parties' respective motions, after which the trial judge denied appellant's motion and entered summary judgment in favor of Goldome. An evidentiary hearing was subsequently held, over appellant's objection to the nonjury nature of the proceeding, following which the trial court entered summary final judgment in favor of Goldome in the amount of $1,578,674.43.
When reviewing the propriety of the entry of summary final judgment, the classic inquiry is of course whether any genuine issues of material fact remain for resolution. If such issues do exist, and the slightest doubt remains, then summary judgment cannot be granted. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.[1]Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972); Allington Towers N., Inc. v. Teich, 345 So.2d 745, 746 (Fla. 4th DCA 1977).
Without reciting the details of the numerous affidavits and depositions the parties submitted, suffice it to say that genuine issues of material fact exist regarding the existence of a "second mortgage," and, because they do, a genuine issue remains concerning whether that indebtedness may represent some type of internal partnership form of financing, or whether it is an encumbrance on the real property at issue. We also note that an issue exists regarding the proper definition of "debt service," as it *1137 is used in paragraph 10 of the guaranty, and whether appellant's obligation under the guaranty was in fact terminated by satisfaction of the conditions set out in paragraph 10. Thus, summary judgment was not appropriate under the circumstances. Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218, 219 (Fla. 1st DCA 1987) (where terms of contract are disputed and reasonably susceptible to more than one construction, an issue of fact is presented as to the parties' intent, which cannot be properly resolved by summary judgment). For the same reasons, the trial court did not err by denying appellant's motion for summary judgment.
In so saying, we nonetheless reject appellant's argument that an ambiguity exists because of the nonrecourse nature of the note. Although appellant has correctly cited law setting forth the general rule that a guarantor's liability does not exceed that of the maker of the note, Houston Furniture Distributors, Inc. v. Bank of Woodlake, N.A., 562 S.W.2d 880 (Tx.Ct.App. 1978); American Trading Co. v. Fish, 42 N.Y.2d 20, 396 N.Y.S.2d 617, 364 N.E.2d 1309 (1977), the cases appellant relied on relate to a New York statute that precludes a party from obtaining deficiency judgments against guarantors under certain situations. Goldome did not, however, attempt to obtain a deficiency judgment.
Moreover, appellant's argument is directly contrary to the terms of the loan documents. The guaranty unconditionally guarantees the loan and consents and agrees to the terms of the loan. The loan provides that the full amount may be demanded upon default and that the nonrecourse nature of the note does not preclude Goldome from pursuing remedies on the guaranty. As appellee points out, a similar argument was rejected in Federal Deposit Insurance Corp. v. University Anclote, Inc., 764 F.2d 804 (11th Cir.1985) (although note was nonrecourse, because guaranty was unconditional and note allowed creditor to declare entire amount due on default, the guarantor was liable).
Turning last to appellant's jury trial issue, appellant timely requested trial by jury in his answer. Fla.R.Civ.P. 1.430(b). Thus, his right to such was preserved inviolate and could only be waived by affirmative act. Adkins v. Winkler, 592 So.2d 357, 359 (Fla. 1st DCA 1992). Even in a circumstance in which a default judgment is entered against the defendant on the issue of liability, if jury trial has been demanded by either party, the defendant has the right to jury trial on the issue of damages when such damages are not liquidated. Ansel v. Kizer, 428 So.2d 671, 672 (Fla. 2d DCA 1982). See also Grappell v. Lauderdale River Park Estates, 126 So.2d 574 (Fla. 3d DCA 1961). Thus, in the absence of express waiver on remand, appellant is entitled to have all controverted issues of fact be resolved by a jury. Drahota v. Taylor Constr. Co., 89 So.2d 16, 18 (Fla. 1956).
AFFIRMED in part, and REVERSED and REMANDED in part for further proceedings.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Although the parties' contract provides that New York law controls as to the contract itself, Florida law controls procedural matters.