PER CURIAM.
Dennis Landon appeals the trial court’s final judgment of ejectment. Landon raises several points on appeal, but we need reach only one: Landon’s claim that the trial court erred in not granting his request for a jury trial. We reverse and remand for further proceedings.
On June 17, 1994, appellee, John G. Ralls, filed a complaint for ejectment to recover possession of certain real property, alleging that appellant was unlawfully in actual possession. Landon filed a motion to dismiss and Ralls filed a motion to strike the motion to dismiss. On August 10, 1994, in its order granting Ralls’ motion to strike Landon’s motion to dismiss, the trial court ordered:
2. The defendant shall have ten days from the date of this order within which to file an appropriate answer, and the failure to file such answer within the said time, will result in a default judgement being entered by the court.
In response to the trial court’s order, Landon, proceeding pro se, attempted to comply with the trial court’s directive and asked for clarification on what constitutes an “appropriate answer.” In ’this response, Landon also requested a jury trial. Apparently treating Landon’s response as an answer, the trial court did not enter a default judgment. Instead of receiving a jury trial, however, Landon was given notice of a final hearing. After Landon failed to appear at the final hearing, judgment of ejectment was entered against him.
Landon’s demand for a jury trial was timely under Florida Rule of Civil Procedure 1.430(b). “[W]hen a defendant is in actual possession of any part of [ ] disputed lands, the action is one for ejectment giving rise to a right to jury trial. § 65.061(1), Fla.Stat. (1987).” Department of Natural Resources v. Estech, Inc., 515 So.2d 758, 759 (Fla. 2d DCA 1987).
It is well settled that once a timely demand for a jury trial has been made, it can only be waived or withdrawn by the consent of both parties. Barth v. Florida State Constructors Service, Inc., 327 So.2d 13 (Fla. 1976); Rule 1.430(d), Florida Rules of Civil Procedure. Where timely demand has been made for a jury trial on issues properly triable by a jury, the defendant’s failure to file pleadings (resulting in default being entered), and otherwise failing to appear in the case, cannot be deemed a waiver of jury trial. Loiselle v. Gladfelter, 160 So.2d 740 (Fla. 3d DCA 1964).
Padgett v. First Fed. Sav. & Loan Ass’n of Santa Rosa County, 378 So.2d 58, 63 (Fla. 1st DCA 1979). Landon’s failure to appear at the final hearing was not a waiver of his demand for a jury trial.
Accordingly, the final judgment of ejectment is reversed, and the case is remanded for further proceedings consistent with this opinion.
BOOTH, JOANOS and BENTON, JJ., concur.