LAGOA, J.
Defendant, DYC Fishing, Ltd. (“DYC”), appeals from a default final judgment awarding damages to plaintiffs, Clara Martinez and Perla Del Caribe, Inc. (collectively “Plaintiffs”). For the reasons set forth below, we affirm the trial court’s order striking DYC’s pleadings and entering a default, but reverse and vacate that portion of the default final judgment awarding unliquidated damages to Plaintiffs.
With regard to the first issue, DYC contends that the order striking its answer and defenses and entering a default was too severe a sanction. Our review of the record, however, shows that the trial court struck DYC’s answer and affirmative defenses and entered a default after finding that DYC willfully and deliberately disregarded several court orders which required production of documents that went to the heart of Plaintiffs’ claims for damages. Indeed, the trial court’s order contains a detailed factual description of DYC’s actions that led to the striking of its pleadings and which the trial court found evidenced DYC’s willful, deliberate disregard of the court’s orders. Because the trial court found that DYC’s actions amounted to willful disregard, we conclude that the trial court did not abuse its discretion in striking DYC’s pleadings, and we affirm on that issue. See Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (striking of pleadings justified by “deliberate and contumacious disregard of the court’s authority ... bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness”).
We are compelled, however, to reverse the default final judgment awarding unliquidated damages to the Plaintiffs. On appeal, DYC argues that a trial was required because the damages Plaintiffs sought were unliquidated. We agree. Indeed, as the Plaintiffs properly concede, the trial court committed reversible error in awarding damages, costs, and prejudgment interest to the Plaintiffs based solely on the damages affidavit.
As this Court has repeatedly explained, “[i]t is well settled in Florida that a default judgment only admits to a plaintiffs entitlement to liquidated damages.” U.S. Fire Ins. Co. v. C & C Beauty Sales, Inc., 674 So.2d 169, 171 (Fla. 3d DCA 1996); see also Cellular Warehouse, Inc. v. GH Cellular, 957 So.2d 662, 665 (Fla. 3d DCA 2007). Damages are liquidated when the amount to be awarded can be determined with exactness from a pleaded *463 agreement between the parties, by an arithmetical calculation, or by application of definite rules of law. See Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 662 (Fla. 5th DCA 1983). Damages are unliq-uidated “if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.” Id. at 663. When unliquidat-ed damages must be determined as a result of a default, the defaulting party “is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.” Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1095 (Fla. 4th DCA 2006); see also Bowman, 432 So.2d at 663 (“A defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.”).
Because the trial court committed reversible error in relying solely on the Plaintiffs’ affidavit of damages in awarding unliquidated damages, we reverse and vacate that portion of the default final judgment and further remand this case for a trial on the issue of unliquidated damages.
Affirmed in part; reversed and remanded in part for proceedings consistent with this opinion.