PER CURIAM.
We affirm the trial court’s finding of proper venue. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). However, appellants’ demand for jury trial remained viable even after the pleading that contained it was stricken. See, e.g., Powell v. Southern Bell Tel. & Tel. Co., 448 So.2d 72 (Fla. 3d DCA 1984). The trial court erred in conducting a non- *167 jury trial even after striking appellants’ pleadings because the plaintiff sought un-liquidated damages. See Kreiser Constr., Inc. v. Trafford, 699 So.2d 251, 252 (Fla. 3d DCA 1997); Landon v. Ralls, 661 So.2d 361, 362 (Fla. 1st DCA 1995). “Even in a circumstance in which a default judgment is entered against the defendant on the issue of liability, if jury trial has been demanded by either party, the defendant has the right to jury trial on the issue of damages when such damages are not liquidated.” Guirlinger v. Goldome Realty Credit Corp., 593 So.2d 1135, 1137 (Fla. 1st DCA 1992) (citing Ansel v. Kizer, 428 So.2d 671, 672 (Fla. 2d DCA 1982)). We therefore affirm in part, reverse in part, and remand to the circuit court for a jury trial on the issue of damages to which appellee is entitled.
POLEN, GROSS and CONNER, JJ„ concur.