DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL J. WOLFE** and **DORALBA H. WOLFE,**
Appellants,

v.

**STEVEN A. SMILACK, P.A.,**
Appellee.

No. 4D13-2816

[June 17, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09044870.

Michael J. Wolfe and Doralba H. Wolfe, New Port Richey, pro se.

Steven A. Smilack of Steven A. Smilack, P.A., Pompano Beach, for appellee.

MAY, J.

Clients appeal from a final judgment in favor of a law firm they hired to represent them and their business. They claim the trial court erred in: (1) striking their pleadings, (2) granting the law firm's motion for default, (3) denying them a jury trial on damages, and (4) entering judgment for the law firm. We find merit in issue three only and reverse.

The clients entered into a retainer agreement with the law firm to represent them and their business. The law firm filed a six-count[1] complaint seeking payment of $21,268.28 plus interest for legal services provided pursuant to the agreement. The clients answered and asserted affirmative defenses. The law firm moved to strike the affirmative defenses, which the trial court granted with leave to amend. The law firm then filed a notice of readiness for non-jury trial. The trial court set the matter for a non-jury trial.

The clients served their amended answer and affirmative defenses,

---

[1] The counts included breach of contract, open account, account stated, unjust enrichment, quantum meruit, and fraud in the inducement.

including a jury trial demand.  They also moved to quash the notice of readiness and to rescind the order setting the matter for non-jury trial. The law firm moved to strike the amended answer and jury trial demand. The court denied the clients' motion to quash and granted the law firm's motion to strike.

The clients failed to appear at the non-jury trial.  As a result, the law firm verbally moved to strike the clients' pleadings and enter a default, which the court granted.  The court then entered a final judgment in favor of the law firm for $62,216.57, including principal and interest, attorney's fees, and costs.

The clients appealed the judgment, arguing improper venue and the wrongful denial of their request for a jury trial.  We determined venue was proper, but agreed that the court had erred in conducting a non-jury trial when the clients had requested unliquidated damages.  *Wolfe v. Steven A. Smilack, P.A.*, 100 So. 3d 166, 166–67 (Fla. 4th DCA 2012).  We remanded the case to the trial court.

Upon remand, the clients moved to set a trial date.  The court entered an order setting a two-day jury trial starting July 15, 2013.  In anticipation of the upcoming trial date, the clients filed exhibit and witness lists, and a request for judicial notice.  The law firm objected to the clients' trial exhibits and moved for a final judgment.

The trial court granted the law firm's motion for final judgment, and entered a second final judgment after default against the clients and their business.  The clients now appeal the second final judgment.

The clients argue that because the complaint sought unliquidated damages, they were entitled to a jury trial.  The law firm responds that the attorney's fees requested were liquidated, and the clients were entitled to a jury trial only on unliquidated damages.  The clients reply that our decision in *Wolfe v. Steven A. Smilack, P.A.*, 100 So. 3d 166 (Fla. 4th DCA 2012) necessarily determined the damages were unliquidated, entitling them to a jury trial.

We review an order on a jury trial demand for an abuse of discretion. *Hollywood, Inc. v. City of Hollywood*, 321 So. 2d 65, 73 (Fla. 1975).

In *Wolfe*, we "revers[ed] in part[] and remanded [the case] to the circuit court for a jury trial on . . . damages to which [the law firm] is entitled." *Wolfe*, 100 So. 3d at 167.  Even though the trial court defaulted the clients, they had a right to a jury trial on the unliquidated damage claim.  *Id.*

2

Despite our clear mandate, the court entered a second final judgment without the benefit of a jury trial. As we previously held, the clients are entitled to a jury trial on unliquidated damages. Yet, the clients did not receive a jury trial. We therefore reverse and remand a second time for a jury trial on damages.

*Reversed and Remanded.*

DAMOORGIAN, C.J., and TAYLOR, J., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**