DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STUART B. YANOFSKY, ESQ.,**
Appellant,

v.

**ANDREW ISAACS,**
Appellee.

No. 4D18-2963

[July 31, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 062014CA012232AXXXCE.

Stuart B. Yanofsky of Stuart B. Yanofsky, P.A., Plantation, for appellant.

Ryan D. Gesten of George Gesten McDonald, PLLC, Lake Worth, for appellee.

KUNTZ, J.

Stuart Yanofsky appeals the circuit court's summary judgment order in favor of Andrew Isaacs. We affirm in part, reverse in part, and remand for a trial on damages.

### *Background*

Isaacs filed a complaint against Yanofsky for legal malpractice relating to Yanofsky's representation of him in a dissolution-of-marriage proceeding. Isaacs alleged that Yanofsky represented him at a hearing to adjudicate his exceptions to a general magistrate's report but failed to inform him—before the window for appeal expired—"that matters had been adjudicated adversely to him."

After Yanofsky failed to respond to Isaacs's discovery requests, Isaacs contacted Yanofsky's office to request the outstanding discovery. When Yanofsky failed to respond, Isaacs sought and obtained an order compelling Yanofsky to respond to the discovery requests within ten days.

When the court-ordered deadline passed without a response to the discovery, Isaacs sought sanctions against Yanofsky and sought and obtained a second court order compelling responses to the outstanding discovery.

Again, the court-ordered deadline passed without a response to the discovery. The court held a hearing and sanctioned Yanofsky for violating the court's discovery orders. The court struck Yanofsky's answer to the complaint and ordered him to pay the attorney's fees Isaacs incurred in seeking to obtain the outstanding discovery.

In the order sanctioning Yanofsky, the court noted that Yanofsky had produced a "purported case file" for the dissolution-of-marriage suit. But the court found the late production at a deposition satisfied neither the requirement to respond to discovery nor the court's orders.[1]

After the court struck Yanofsky's answer, Isaacs moved for summary judgment on his legal-malpractice claim. He argued that he was entitled to liability in his favor because the court struck Yanofsky's answer and there were no other issues of fact.

The court held a hearing on Isaacs's motion, deferred ruling, and ordered Yanofsky to file a response to the motion within fourteen days. But Yanofsky did not respond within the time set by the court. So Isaacs moved for sanctions for violating the court's order and sought the entry of judgment in his favor. Yanofsky subsequently moved to strike Isaacs's affidavit in support of summary judgment, arguing that Isaacs's damages were unliquidated.

The circuit court granted Isaacs's motion for summary judgment and entered judgment in his favor.

### Analysis

Yanofsky appeals the court's judgment in Isaacs's favor on both liability and damages. We affirm, without further discussion, the court's judgment as to liability. But we agree with Yanofsky's argument on damages and reverse in part.

---

[1] After the sanctions hearing, Yanofsky served responses to the discovery requests.

We have explained that "[e]ven in a circumstance in which a default judgment is entered against the defendant on the issue of liability, if jury trial has been demanded by either party, the defendant has the right to jury trial on the issue of damages when such damages are not liquidated." *Wolfe v. Steven A. Smilack, P.A.*, 100 So. 3d 166, 167 (Fla. 4th DCA 2012) (quoting *Guirlinger v. Goldome Realty Credit Corp.*, 593 So. 2d 1135, 1137 (Fla. 1st DCA 1992)).

Both Isaacs and Yanofsky demanded a jury trial in their pleadings. And although the court struck Yanofsky's answer, his demand for a jury trial remained viable. *See id.* at 166 (citing *Powell v. S. Bell Tel. & Tel. Co.*, 448 So. 2d 72 (Fla. 3d DCA 1984)).

As a result, because the damages were not liquidated, it was improper to enter judgment based on the amount set forth in Isaacs's damages affidavit. "Damages are liquidated when the amount to be awarded can be determined with exactness from a pleaded agreement between the parties, by an arithmetical calculation, or by application of definite rules of law." *DYC Fishing, Ltd. v. Martinez*, 994 So. 2d 461, 462–63 (Fla. 3d DCA 2008) (citing *Bowman v. Kingsland Dev., Inc.*, 432 So. 2d 660, 662 (Fla. 5th DCA 1983)). "Damages are unliquidated 'if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment.'" *Id.* at 463 (quoting *Bowman*, 432 So. 2d at 663).

Here, the damages sought in the complaint were not liquidated, and the court erred in relying solely on Isaacs's damages affidavit. Thus, the portion of the court's judgment determining damages must be reversed.

### Conclusion

The court's judgment is affirmed in part and reversed in part. We affirm the court's determination of liability. But we reverse the portion of the court's judgment determining damages and remand the case for a trial on unliquidated damages.

*Affirmed in part, reversed in part, and remanded.*

LEVINE, C.J., and DAMOORGIAN, J., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**