# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1567
Lower Tribunal No. 18-42221
_____

**Levi Whitehead,**
Appellant,

vs.

**Shutter Hangers, Inc., etc., et al.,**
Appellees.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Harris Appeals, P.A., and Andrew A. Harris (Palm Beach Gardens); Lawlor & Associates, and Patrick W. Lawlor (Boca Raton), for appellant.

Locke Law, P.A., and Wendell T. Locke (Plantation), for appellees.

Before LINDSEY, MILLER, and LOBREE, JJ.

MILLER, J.

Appellant, Levi Whitehead, challenges a non-final order denying his motion to set aside a judicial default and default final judgment entered in favor of appellees, Shutter Hangers, Inc. and Wendell Locke. We affirm without further discussion on all issues but one. "It is well settled that a defaulting party 'has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages.'" Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007) (citations omitted). Here, the lower tribunal awarded unliquidated damages without affording adequate notice and an opportunity to be heard. Thus, we reverse the order denying relief from the final default judgment to the extent it awarded unliquidated damages and remand for a duly noticed trial or evidentiary hearing on the same. See DYC Fishing, Ltd. v. Martinez, 994 So. 2d 461, 463 (Fla. 3d DCA 2008) ("When unliquidated damages must be determined as a result of a default, the defaulting party 'is entitled to notice of an order setting the matter for trial, and must be afforded an opportunity to defend.'") (citation omitted); see also J.G.G. v. M.S., 312 So. 3d 509, 511 (Fla. 5th DCA 2020) ("Procedural due process requires that litigants be given proper notice and a full and fair opportunity to be heard. To be sufficient, notice must be 'reasonably calculated, under all the circumstances, to

2

apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must . . . convey the required information, and it must afford a reasonable time for those interested to make their appearance.'") (quoting De Leon v. Collazo, 178 So. 3d 906, 908 (Fla. 3d DCA 2015); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

Reversed and remanded.