# Third District Court of Appeal
## State of Florida

Opinion filed August 20, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1258
Lower Tribunal No. 20-1996-CA-01
_____

**Haedo Transportation Solutions, LLC, etc.,**
Appellant,

vs.

**Signature Flight Support, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Tanya Brinkley and Gina Beovides, Judges.

Aero Law Center, and Kristin E. Marrero (Fort Lauderdale), for appellant.

The Brownlee Law Firm, P.A., and Stacy Ford and Michael March Brownlee (Orlando), for appellee.

Before SCALES, C.J., and EMAS[1] and GOODEN, JJ.

EMAS, J.

_____

[1] Judge Emas did not participate in oral argument.

The underlying negligence action arose from an aircraft storage agreement between Haedo Transportation Solutions, LLC (Haedo) and Landmark Aviation Miami, LLC d/b/a Signature Flight Support (Signature). Pursuant to that agreement, Haedo's aircraft was hangared at Signature's property, and Signature provided ancillary services, including towing of the aircraft into and out of the hangar. The agreement included, in pertinent part, purported exculpatory clauses, as well as a provision in which each party waived its right to a jury trial. The agreement also included a "non-waiver" clause, which provided: "No waiver by any Party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the Party so waiving. . . . No failure to exercise, or delay in exercising, any right, remedy, power or privilege arising from this [agreement] shall operate or be construed as a waiver thereof . . . ."

About a month later, Haedo's aircraft was damaged. Haedo contended that Signature's employee damaged the aircraft by over-torquing the nose of the plane during a tow, and sued Signature for simple and gross negligence. Haedo's complaint contained a demand for jury trial.

During the course of the proceedings, the trial court granted summary judgment in Signature's favor on Haedo's simple negligence claim, citing the exculpatory clauses; granted Signature's motion to strike Haedo's demand

2

for jury trial; and, following a bench trial on Haedo's remaining gross negligence claim, entered final judgment in favor of Signature, concluding Haedo failed to establish any negligent act by Signature that caused damage to Haedo's aircraft.

On appeal, Haedo contends the trial court erred in (1) finding the exculpatory clauses unambiguous, construing the clauses to preclude a simple negligence claim, and entering summary judgment in favor of Signature on that count; (2) striking Haedo's demand for jury trial based on the jury trial waiver provision (and non-waiver provision) contained in the agreement, and proceeding to a non-jury trial on the gross negligence claim; and (3) finding in favor of Signature (and entering final judgment for Signature) on Haedo's remaining claim for gross negligence.

We affirm, holding that: (1) the trial court properly interpreted the parties' agreement to mean that each agreed to waive their right to a jury trial, and that the waiver of any provision of the agreement must be in writing, see Goodenow v. Nationstar Mortg., LLC, 305 So. 3d 13, 14 (Fla. 3d DCA 2019); Rybovich Boat Works, Inc. v. Atkins, 587 So. 2d 519, 521-22 (Fla. 4th DCA 1991); (2) the trial court did not abuse its discretion in striking Haedo's demand for jury trial, upon a finding that Signature did not waive the contractual provision, see Wolfe v. Steven A. Smilack, P.A., 166 So. 3d 931,

3

933 (Fla. 4th DCA 2015) ("We review an order on a jury trial demand for an abuse of discretion."); <u>Smith v. Carlton</u>, 348 So. 3d 52, 56 (Fla. 5th DCA 2022) ("[T]he question of waiver is an issue of fact, for which a trial judge's finding will be reversed 'only if there is no competent, substantial evidence to support' it.") (citation omitted); <u>id.</u> at 57 ("mere delay is insufficient to support waiver" (quoting <u>O'Brien v. O'Brien</u>, 424 So. 2d 970, 971 (Fla. 3d DCA 1983))); and (3) any error in the trial court's construction of the purported exculpatory clauses (and any resulting error in granting summary judgment on the simple negligence claim) was rendered harmless when, following a bench trial, the trial court determined that "the preponderance of the evidence does not support that [Signature] caused damage to the nose gear of [Haedo's] aircraft." Because the trial court, as the finder of fact, determined there was no negligent act by Signature or its employees, Haedo would not have prevailed had the bench trial proceeded on both the simple negligence and gross negligence counts. Therefore, any error in this regard was harmless. <u>See</u> <u>Special v. W. Boca Med. Ctr.</u>, 160 So. 3d 1251, 1256 (Fla. 2014) (explaining that error is harmless when there is no reasonable possibility that it contributed to the outcome of the case).[2]

Affirmed.

---

[2] We find no merit in the remaining claims raised by Haedo.